**KATZ and ARNOVITZ, d. b. a. CENTURY GRILL, Appellants-Appellees, v. DEPARTMENT OF LIQUOR CONTROL, Appellees-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 5434.   Decided March 16, 1956.

Isadore Topper, Columbus, Joel Krupman, Cleveland, for appellants-appellees.

C. William O'Neill, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., Columbus, for appellees-appellants.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By THE COURT.

This is a motion filed by Sanford D. Katz and Max Arnovitz, appellees herein, seeking an order dismissing the appeal of the Board of Liquor Control for the reason that the Court does not have jurisdiction to hear an appeal filed by an administrative agency pursuant to §119.12 R. C. when the only question presented is one of fact. Counsel for the appellants concede in their brief that the only question presented is whether or not the order of the Board of Liquor Control was supported by reliable, probative and substantial evidence. The right to such an appeal is purely statutory, **Corn v. Board of Liquor Control, 160 Oh St 9,** and if the Board has such a right it exists only by virtue of §119.12 R. C. This section provides:

"Such appeals may be taken either by the party or the agency and shall proceed as in the case of appeals in civil actions as provided in §2505.01 to §2505.45. inclusive, **R. C.** Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of

the agency is not supported by any reliable, probative and substantial evidence in the entire record. Such appeals may be taken regardless of the fact that a proceeding was pending prior to the amendment of this section expressly authorizing such appeals, provided such appeals are perfected by the filing of notice of appeal within the time prescribed by §2505.07 R. C."

\*　　　\*　　　\*　　　\*　　　\*

It appears that the Legislature in granting an administrative agency a right of appeal from an adverse decision of the Court of Common Pleas spelled out the scope and nature of the appeal and limited the appeal to questions of law involving the "constitutionality, construction or interpretation of statutes and rules and regulations of the agency," and that in such appeal the Court "may also review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record."

The record discloses that this appeal does not involve the constitutionality or construction of any statute or rule of the Board but it relates solely to the sufficiency of the evidence. The language of the statute quoted makes it a condition precedent to the review of the correctness of the judgment of the Court of Common Pleas on the question of evidence that there be an appeal by the administrative agency on questions of law involving the constitutionality or construction of a statute or rule. The statute specifically provides that the Court of Appeals "in such appeal" (that is one involving a rule or statute) may also review the correctness of the judgment of the Court of Common Pleas on the evidentiary question. It is our conclusion that where the appeal does not involve the constitutionality or construction of a statute or rule there can be no review of the correctness of the judgment of the Court of Common Pleas that the order of the administrative agency is not supported by reliable, probative and substantial evidence.

The motion will be sustained.

MILLER, PJ, FESS, J, concur.
HORNBECK, J, dissents.

## DISSENTING OPINION
By HORNBECK, J.

The case of **Corn v. Board of Liquor Control, 160 Oh St 9,** was decided on June 10, 1953. This case held that the Board of Liquor Control, the Department of Liquor Control, or the Director of Liquor Control could not prosecute an appeal from an adverse judgment of the Court of Common Pleas. This reversed ruling which had been followed since the enactment of the present Liquor Control Act during which the jurisdiction of the Appellate Court to review such orders had been theretofore questioned in that Court and the Supreme Court. A little more than a month after the release of the opinion in the Corn case, supra, the Legislature enacted the amendment to §119.12 R. C., which is under consideration on this motion to dismiss the appeal of the Board of Liquor Control.

To illustrate the concept which I have of the construction of the amended section, will divide it into:

(1) **Such appeals** may be taken either by the party or the agency and shall proceed as in the case of appeals in civil actions as provided in §2505.01 to §2505.45. inclusive, **R. C.**

(2) **Such appeal** by the agency shall be taken on questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency.

(3) **In such appeal** the Court may also review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the record. (Emphasis ours.)

It is my judgment that the term "such appeal" in (2) is synonymous. in the singular form, with "such appeals" in paragraph (1) and that "such appeal" in (3) also refers to "such appeals" in (1) and that in all appeals by the agency the authority to review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency was not supported by any reliable, probative and substantial evidence is not confined to appeals which question only the constitutionality, construction or interpretation of statutes and rules and regulations of the agency.

In the light of the history of the legislation, it would seem illogical to attribute to the Legislature an intention to permit the Court of Appeals to pass only upon an order of the agency to determine if it is in conflict with Constitution, statute or rules and regulations of the agency. Such construction would provoke continual consideration of the good faith of the appellant agency in asserting grounds of appeal which would assure a complete review in the Court of Appeals. By such construction, no matter how flagrant the error of the Common Pleas Court in determining the reliability and the probative and substantial character of the evidence relating to the order of the Board of Liquor Control, no redress to the agency would be afforded by the statute.

While not controlling of the legislative processes, it has long been the concept of the law of our trial and appellate procedure in Ohio in the light of our Constitution that one trial and one review would be accorded in all cases. Inasmuch as the recent holding of the Supreme Court in the case of **Andrews, Jr., d. b. a. Buffalo Grill and Hotel v. Board of Liquor Control, 164 Oh St 275,** that appeals to the Common Pleas Court of Franklin County from orders of the Board of Liquor Control are de novo appeals, the construction of the majority of the amendment will deny any review whatever to an agency of the State Government unless it has a question relating to the constitutionality or construction or interpretation of statutes and rules and regulations of the agency. I would hesitate to make such determination unless the letter of the statute clearly requires it and I do not believe that it does.

The motion of the appellee should be overruled.