SWALLOW BAR, INC., Appellant-Appellee, v. BOARD OF LIQUOR CONTROL et, Appellee-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 6167.   Decided February 9, 1960.

Charles T. Kaps, Columbus, for appellant-appellee.

Mark McElroy, Atty. Genl., Richard F. Swope, John W. Leibold, John A. Hoskins, Asst. Attys. Genl., Columbus, for appellee-appellant.

## OPINION

By DUFFY, J.

The Board of Liquor Control has appealed from the decision of the Court of Common Pleas of Franklin County, which had reversed and set aside the ruling of the Board of Liquor Control suspending the permits of the Swallow Bar, Inc. The Board has given as its assignment of error that "The lower court erred in ruling that the Court could not consider the fact that Ernest Koslasky was the son of the President of Swallow Bar Inc., and thereby limited the consideration and interpretation of the word, 'Agent' and improperly reviewed the record as required by §119.12 R. C."

The Boards feels that this appeal presents the question as to whether or not the word "Agent," as used in §4301.25 (A) R. C., necessitates a complete disregard of the relationship of the parties in ascertaining whether the party convicted was an agent of the permit holder. The judge of the Court of Common Pleas in his decision stated:

"The transcript shows without dispute that the Sunday sale of whiskey here involved, occurred on the appellant's permit premises; the certified copy of the conviction for making such sale is undisputed. For the purposes of the appeal, we must assume that Ernest Koslasky was a complete stranger to the appellant. He was related to the president of the appellant corporation but there is absolutely no evidence in the record that he was an agent or employee of the appellant corporation."

Swallow Bar, Inc., moves for an order dismissing the appeal for the reason that this Court does not have jurisdiction to hear an appeal by an administrative agency pursuant to §119.12 R. C., where the only question presented upon appeal is one of fact.

The Board in opposing the motion to dismiss states that the only question presented by the facts in this case is whether Ernest Koslasky was an "agent" of the appellant corporation, and feels that the appeal should not be dismissed because the trial court did not properly interpret the meaning of the word "agent" and the appeal presents a question of law as to whether or not the legal definition of agent excludes a family relationship.

It appearing from the above quoted statement of the trial judge that based upon the record he found insufficient evidence of agency, and only a factual question is presented here on this appeal, the motion to dismiss will be sustained. See **Katz, et al d. b. a. Century Grill, v. Department of Liquor Control, 166 Oh St 229.**

BRYANT, PJ, concurs.
MILLER, J, not participating.