CRANWOOD STEAK HOUSE, INC., APPELLEE, *v.* BOARD OF
LIQUOR CONTROL ET AL., APPELLANTS.

(No. 6869—Decided December 5, 1961.)

*Mr. Charles T. Kaps,* for appellee.
*Mr. Mark McElroy,* attorney general, and *Mr. Michael Kouskouris,* for appellants.

DUFFY, J.  The Director of Liquor Control refused to issue a permit for the relocation of a permit holder's place of business because of an objection by the minister of a neighboring church.  On appeal to the Board of Liquor Control the order of the director was sustained, with one board member dissenting.  An appeal was then taken to the Court of Common Pleas of Franklin County, where it was found that the decision of the Board of Liquor Control was not supported by reliable, probative and substantial evidence and was not in accordance with law, and the court reversed the decision of the Board of Liquor Control.

The Board of Liquor Control has filed a notice of appeal in this court, and the permit holder has filed a motion to dismiss the appeal claiming that the board seeks to have this court review a factual question and that the Board of Liquor Control has no right to file an appeal for a determination of a question of fact in this court.

Section 119.12, Revised Code (128 Ohio Laws, 1116), does provide that an appeal may be taken either by the party or the agency, but has the following limitation in regard to an appeal from a decision of the Common Pleas Court by an agency such as the Department of Liquor Control:

"* * * Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules and regulations of the agency and in such appeal the court may also review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record. * * *"

The Board of Liquor Control feels that this appeal calls for an interpretation of Section 119.12, Revised Code, so that the board will know "the quantum of evidence necessary to sustain the order of the Board of Liquor Control."

The board states further that "In view of the conflicting decisions as to what the [Supreme] Court meant when they used the term 'naked objections' in the *Corwin* case [*Corwin* v. *Bd. of Liquor Control*, 170 Ohio St., 304] * * *," this court should promulgate a simple but broad standard to guide the Department of Liquor Control and the lower courts.

It appears that the board is asking this court to review a factual determination made by the Court of Common Pleas and, in view of the limitation of an appeal by an agency as set forth in Section 119.12, Revised Code, the motion to dismiss should be and is hereby sustained. See *Katz* v. *Department of Liquor Control*, 166 Ohio St., 229.

*Motion sustained.*

DUFFEY, P. J., and BRYANT, J., concur.