TRIANON BOWLING LANES, INC., APPELLEE, *v.* DEPARTMENT OF LIQUOR CONTROL, APPELLANT.[*]

(No. 7033—Decided July 3, 1962.)

*Mr. H. David Lefkowitz,* for appellee.
*Mr. Mark McElroy,* attorney general, *Mr. Michael Kouskouris* and *Mr. William J. Davis,* for appellant.

BRYANT, J. The sole question before the court at this time arises upon a motion to dismiss the appeal filed by Trianon

[*]Motion to certify the record overruled (37736), October 24, 1962.

Bowling Lanes, Inc., appellee herein and herein called Trianon. The single ground for the motion is that the Department of Liquor Control, appellant herein and herein called department, lacks the power to file the appeal from the Common Pleas Court's decision and judgment.

It appears that Trianon's application for a Class D-2 permit to be located in its bowling alley at 9802 Euclid Avenue, Cleveland, Ohio, was rejected by the department upon the grounds of (1) objections by two churches and a public library and (2) environmental factors such as (a) location of too many permits in the area, (b) objection by the Cleveland Police Department, and (c) a finding that issuance of a new permit in the area would unduly increase the problem of maintaining law and order.

Trianon appealed the department's rejection order to the Board of Liquor Control, herein called the board, before which a hearing was had. The department presented the testimony of four witnesses, two of them seeking to support the church objections and the other two seeking to support the department's holding that there were too many permits already in the area and other environmental factors. However, when the decision of the board was announced, it made reference only to the church and library objections under the provisions of Section 4303.26 of the Revised Code, and nowhere made reference to the testimony or the finding made by the department with reference to the allegedly negative environmental factors pursuant to Section 2, Regulation No. 12 of the board. In this decision, the board by a divided vote upheld the department's finding as to church objections and dismissed Trianon's appeal.

We have been unable to find in the record any indication that the failure of the board in its decision to make any reference to the second ground of the department's rejection order was made the basis of any assignment of error by either party.

Trianon in its appeal to the court below enumerates five claimed errors in the board's decision, four of which relate either to the weight of the evidence or the admissibility of evidence or rulings thereon, and the fifth is merely a general claim of error. The department did not appeal the decision of the board nor, when Trianon appealed, did it file a cross-appeal.

The decision of the court below announced on March 7, 1962, in the opening paragraphs thereof discusses the church and library objections and also the other determination by the department "that the proposed permit premises were located in an area which was already more than adequately served with existing permit premises and that the location of an additional permit premises would materially increase the existing burden of maintenance of law and order in the community * * *."

Since the only errors which the court below was called upon to decide were the five which were set forth in Trianon's notice of appeal, it cannot be said that the failure of the board to consider both grounds for rejecting Trianon's application was before the court below at all. The journal entry of the court below reversed the board stating:

"The court finds that the order of the Board of Liquor Control is not supported by reliable, probative, and substantial evidence and is not in accordance with law."

Counsel for the department have appealed the lower court's decision and have assigned the following errors:

"1. Court erred at law in its interpretation as to whether the evidence presented was reliable, probative and substantial and in accordance with law.

"2. Court erred at law in refusing to consider the rejection of the Department based on Regulation No. 12 of the Board of Liquor Control.

"3. Court erred at law in failing to consider the entire record as required by the Ohio Revised Code, 119.12."

Counsel for Trianon has moved to dismiss the appeal of the department on the ground that the department lacks the authority to appeal. In our opinion, the motion to dismiss is well taken and must be sustained. This is for the reason that under the provisions of Section 119.12 of the Revised Code, being part of the Administrative Procedure Act, the department and governmental agencies are authorized to appeal only upon questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency, and it is only when such a question of construction is involved that the reviewing court also may consider and determine the sufficiency of the evidence.

This has been expressly held by the Supreme Court in the case of *Katz* v. *Department of Liquor Control* (1957), 166 Ohio St., 229, the syllabus of which reads as follows:

"Under the provisions of Section 119.12, Revised Code, as amended in 1953 (125 Ohio Laws, 488), an administrative agency may appeal from a judgment of the Court of Common Pleas, rendered on appeal from a decision of such agency, only upon questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency, but when such appeal is perfected the reviewing court has jurisdiction to review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record."

It seems clear that none of the claimed errors relate to the constitutionality, construction or interpretation of statutes or rules and regulations, and hence under the clear holding of the Supreme Court in the *Katz case, supra,* there is no authority for the department to maintain the appeal, and the motion to dismiss is well taken and must be sustained.

*Motion sustained.*

DUFFEY, P. J., and DUFFY, J., concur.