MENTOR MARINAS, INC., D. B. A. MENTOR LAGOONS, APPELLEE, *v.* BOARD OF LIQUOR CONTROL, APPELLANT.

[Cite as Mentor Marinas v. Bd. of Liquor Control, 1 Ohio App. 2d 219.]

(No. 7342—Decided February 25, 1964.)

*Mr. H. David Lefkowitz,* for appellee.
*Mr. William B. Saxbe,* attorney general, and *Mr. Duane F. Lantz,* for appellant.

Duffey, J. This is an appeal by the Board of Liquor Control from a judgment of the Common Pleas Court of Franklin County. The Director of the Department of Liquor Control denied appellee's application for a D-5 permit. The specific grounds of denial stated in the order are:

"1. Subject proposed location is an unimproved lot, occupied by two mobile homes;

"2. Subject applicant does not operate any type of business at the proposed location.

"In connection with this finding, it is noted that there is at least one other person next in priority to this applicant awaiting this same opening.

"Accordingly, application H-40634 is hereby refused and rejected."

Upon review by the board, which then had four members, the vote was evenly divided. Under Regulation No. 65, the lack of a majority vote resulted in the affirmance of a departmental order.

The applicant, appellee herein, then appealed to the Common Pleas Court under Section 119.12, Revised Code. The journal entry of the trial court states:

"This cause came on to be heard upon an appeal of the

appellant from the order of the Board of Liquor Control. The court finds that the Board of Liquor Control is not supported by reliable, probative evidence and is not in accordance with law.

"It is, therefore, ordered, adjudged and decreed that the finding of the Board of Liquor Control is, therefore, reversed and the appeal of the appellant for the issuance of a new D-5 permit is allowed and such permit shall be issued to the appellant forthwith."

The agency then appealed to this court. A motion to dismiss was filed by appellee on the ground that the order of the Common Pleas Court was not an appealable order and that this court lacked jurisdiction to review. That preliminary motion was overruled, with one judge dissenting.

The assignments of error filed by the agency state:

"1. The Court of Common Pleas erred in finding that there was no credible, substantial and probative evidence to support the conclusions reached by the department as the basis for refusing the application for new D-5 permit and reversed the order of the Board of Liquor Control in refusing the application of the appellant-appellee herein.

"2. Other errors apparent in the record."

This case presents again the troublesome problem of the right of an agency to appeal to the Court of Appeals under Section 119.12, Revised Code, and of this court's jurisdiction to entertain such an appeal.

The right of a state agency to appeal and the authority of this court to entertain such an appeal both depend entirely upon statutory law. *Corn* v. *Board of Liquor Control* (1953), 160 Ohio St. 9; *Miller* v. *Bureau of Unemployment Compensation* (1954), 160 Ohio St. 561. In those cases it was held that no such right of appeal was then granted by Chapter 119 of the Revised Code, and the Court of Appeals lacked jurisdiction to review. Shortly after the *Corn case,* the Legislature amended Section 119.12, Revised Code, to provide a limited right to appeal. 125 Ohio Laws 488, effective October 21, 1953. As presently enacted, the pertinent portion of the statute provides:

"* * * Such appeal by the agency shall be taken on questions of law *relating to the constitutionality, construction, or interpretation* of statutes and rules and regulations of the agency and in *such* appeal the court may *also* review and determine the

correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record. * * *'' (Emphasis added.)

It is apparent that under this statute it is not enough that there be a final order, nor is it enough that the appeal be on ''questions of law'' as is true for the ordinary litigant. An appeal on questions of law is defined in Chapter 2505, Revised Code, and that definition rests on the historical development of the writ of error as well as the constitutional concept of judicial ''review.'' Whatever the reason, the Legislature in this statute has specifically limited agencies to a narrower right of appeal. The statute requires a final order which raises a question of law, and that question must relate ''to the constitutionality, construction, or interpretation of statutes and rules and regulations * * *.'' It is only when ''such'' an appeal has been established that this court may then ''also'' consider and review the ''correctness of the judgment,'' i. e., assume jurisdiction to review other questions of law that may be presented.

This interpretation of the statute is firmly established. In *Katz* v. *Department of Liquor Control of Ohio* (1957), 166 Ohio St. 229, a judgment of the Common Pleas Court had found that a board order was not supported by reliable, probative, and substantial evidence. The Supreme Court affirmed the decision of this court that such an order was not appealable under the statute. This court had sustained a motion to dismiss the appeal. The opinion of this court states that the language in the statute makes it a condition precedent to the review that the appeal involve a question of constitutionality or interpretation (76 Ohio Law Abs. 129). Judge Hornbeck wrote a persuasive dissent, but in view of the Supreme Court affirmance his position is no longer arguable. Similar decisions by this court have been made in *Mangold* v. *Board of Liquor Control* (1957), 77 Ohio Law Abs. 457; *Swallow Bar, Inc.,* v. *Board of Liquor Control* (1960), 111 Ohio App. 279; *DeSarro* v. *Board of Liquor Control* (1962), 116 Ohio App. 275; *Trianon Bowling Lanes, Inc.,* v. *Department of Liquor Control* (1962), 118 Ohio App. 255; *Cranwood Steak House, Inc.,* v. *Board of Liquor Control* (1961), 115 Ohio App. 463.

Several points are clear. Questions of law as to the evi-

dentiary basis of a judgment or which involve an abuse of discretion by the court do not create the right to appeal in an agency. Under the statute it necessarily follows that a judgment of the Common Pleas Court could be incorrect and yet not be subject to review on an appeal by the agency. A result which is not consistent on the evidence with the applicable statutes or regulations is an erroneous or incorrect judgment. However, that incorrect result may arise not from an interpretation of a statute or a regulation but from an abuse of discretion, an improper determination of the facts, or, simply, a failure to realize what statute or regulation was actually applicable. The latter situation not infrequently arises when the attorneys themselves have not called attention to the applicable statute or regulation.

The recurring problem is to attempt to arrive at some basis for, and consistency in, determining when "constitutionality or interpretation" has been sufficiently presented to confer jurisdiction of the appeal.

Of course, every administrative agency has been created, and is controlled by statutes. Every agency has regulations. It is also obvious that any judicial decision involves the application of law to facts, leading to a result. Thus, in a broad sense, every administrative agency case can be said to involve the interpretation of a statute or regulation. However, such a view would convert this statute into an intellectual mulberry bush. The effect would be exactly the same as the right to appeal on questions of law—a result rejected by the General Assembly and by the decision in *Katz*.

It would seem equally clear that the mere assignment of an error relating to constitutionality or interpretation is not enough to confer jurisdiction. There must be a genuine question presented. Nor is it enough that the trial court *could* have decided the case on such a ground if in fact it did not do so.

In our opinion, if the statute and the *Katz case* are to be given definite content, it is inescapable that a mere application of the law to facts is not an "interpretation" within the meaning of the statute. It is our conclusion that within the meaning of Section 119.12, Revised Code, an "interpretation" refers to a *specific* finding by the trial court as to the meaning or application of a *particular* statute or regulation. Compare *Wolf Res-*

*taurant, Inc.,* v. *Board of Liquor Control,* No. 7083, decided July 10, 1962.

Where the journal entry itself recites a specific interpretation of a statute or regulation, jurisdiction is clear. See *De-Sarro, supra.* Similarly, there is no problem where the journal entry specifically incorporates the opinion and makes it a part of the entry and such opinion shows a specific interpretation. A more difficult question arises where the entry does not reflect a jurisdictional question and the opinion does, but the opinion has not been incorporated into the entry. The case of *Andrews* v. *Board of Liquor Control* (1955), 164 Ohio St. 275, indicates that where the entry is ambiguous the opinion may be considered. However, in the present case it is dubious that the entry can honestly be said to be ambiguous. In any event, the opinion here does not even mention any specific statute or regulation. Thus, in our opinion, there is no specific determination involving the interpretation of any particular statute or regulation in the court's entry or in its opinion.

The rather extensive experience of this court with liquor department litigation makes many deficiencies in the present case apparent to us. For example, it is clear that the requirement under Regulation No. 12 of a complete investigation has not been met. On the evidence there has been no inspection to determine compliance with the sanitary requirements of Regulation No. 17. It would thus appear that the application should have received further processing.

Despite these deficiencies in the record, Section 119.12, Revised Code, prevents a review and reversal of a judgment, even though it might be flagrantly incorrect, unless there exists a jurisdictional question.

The present case illustrates one of the many metaphysical concepts which have crept into the Ohio administrative appeal law. They absorb large quantities of the judiciary's time. It is a criterion of failure in the legal system when the courts must spend so much time and effort on such questions rather than performing their true function—the resolving of controversies on their merits.

The appeal is dismissed for lack of jurisdiction.

*Appeal dismissed.*

TROOP, J., concurs.

BRYANT, P. J., dissenting. In my opinion, the appeal by the Board of Liquor Control in this case clearly involves the interpretation of both the Liquor Control Act and regulations of the Board of Liquor Control and is a case in which this court has jurisdiction, both as to the interpretation of the laws and regulations and as to the evidence. The majority opinion in this case holds otherwise, hence my dissent.

It appears that Mentor Marinas, Inc., filed an application with the Department of Liquor Control for a Class D-5 liquor permit on May 19, 1960. The quota for the area in which the permit was to be used in Lake County appears to have been filled. On October 19, 1960, pursuant to the provisions of Section 4303.24 of the Revised Code, authorizing the return of the permit fee when the permit is not issued within 120 days, the permit fee of $1,000 was returned to Mentor Marinas, Inc.

Early in 1962, it appears there was an opening for a new Class D-5 permit and during March and April of 1962 a permit inspector of the Department of Liquor Control made several trips into the area "and found two newly constructed boathouses at this location. However he found at the time that no business was in operation." The foregoing was part of the stipulation agreed to by both sides.

Thereafter, on April 20, 1962, the department, by written order, rejected the application of Mentor Marinas, Inc. It did so upon the basis of its interpretation or construction of four separate and distinct sections of the Liquor Control Act. This rejection order and its legality are the main questions involved in this case. I quote from a portion of that order:

"The department finds that subject applicant is not the owner or operator of a night club within the contemplation of Sections 4301.01 (B) (12) through (15), 4303.18, 4303.25 and 4303.27, of the Revised Code of Ohio. Departmental investigation discloses that—

"1. Subject proposed location is an unimproved lot, occupied by two mobile homes;

"2. Subject applicant does not operate any type of business at the proposed location.

"In connection with this finding, it is noted that there is at least one other person next in priority to this applicant awaiting this same opening.

226

"Accordingly, application H-40634 is hereby refused and rejected."

I find myself in agreement with the statement in the majority opinion as to the steps taken on the appeal to the board and from the board to the Common Pleas Court of Franklin County, Ohio. It is less than realistic to say that the court below did not interpret, determine or pass upon the construction or interpretation of the Liquor Control Act for the reason that the rejection order of the department was read into the record in substantial part, and a full copy of the rejection order was attached to the bill of exceptions as Department Exhibit B. Thus, the court below was obligated to consider the validity or invalidity of the rejection order and that order specified the above statutes as interpreted by the Department of Liquor Control.

The opinion of the court below, issued on February 18, 1963, also sets forth substantially all of the rejection order of April 20, 1962. Section 119.12 of the Revised Code, with reference to appeals from the Court of Common Pleas to this court, provides in part as follows:

"Such appeals may be taken either by the party or the agency and *shall proceed as in the case of appeals in civil actions as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules and regulations of the agency and in such appeal the court may also review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record.* Such appeals may be taken regardless of the fact a proceeding was pending prior to the amendment of this section expressly authorizing such appeals, provided such appeals are perfected by the filing of notice of appeal within the time prescribed by Section 2505.07 of the Revised Code." (Emphasis added.)

Under the provisions of Section 2505.01 (B) of the Revised Code, so far as here applicable, it is provided that " 'Appeal on questions of law' means a review of a cause upon questions of law * * *."

Under the provisions of Section 2505.21 of the Revised Code, appeals on questions of law must be heard upon assignments of error although the court may consider errors not assigned and is under a duty to pass upon all errors which are assigned. This section reads in part as follows:

*"Appeals taken on questions of law shall be heard upon assignments of error filed in the cause or set out in the briefs of the appellant before hearing.* Errors not specifically pointed out in the record and separately argued by brief may be disregarded, *but the court may consider and decide errors which are not assigned or specified.* Failure to file such briefs and assignments of error within the time prescribed by the court rules is cause for dismissal of such appeal. *All errors assigned and briefed shall be passed upon [by] the court."* (Emphasis added.)

As I view the law, our duty is to look first to the errors which are assigned or specified. It is at this point that my interpretation differs from that of the majority opinion.

My examination indicates the following defects, among many others in the record, which render illegal the issuance of the Class D-5 permit applied for:

1. Under the provision of Section 4303.18 of the Revised Code, and related sections, Class D-5 permits may only be issued to the owner or operator of a night club. It is undisputed in this record that no operation of any sort was in progress at the time of any of the inspections during March or April 1962, and hence the issuance of a Class D-5 permit will violate such statute.

2. Section 1 of Regulation XII of the Board of Liquor Control specifically provides that no permit shall be issued until there is a complete inspection and examination of the proposed premises and a determination that such premises are fully in compliance with the liquor laws and regulations. It is undisputed in this record that neither such inspection nor determination has been or could be made, and hence the issuance of this permit will violate such regulation.

Not mentioned in the briefs, but to my mind even more serious than the others, is the fact that there is a total noncompliance with Regulation No. 17 (the Sanitary Regulation). This regulation deals with approved water supply, toilet facili-

ties, sewage, adequate kitchen equipment, screening of windows and doors and related subjects all having a vital bearing on public health.

Counsel for the board have assigned two errors which are quoted in full in the majority opinion. The first relates to the judgment of the court below, that the evidence was insufficient, and the second relates to "other errors apparent in the record."

The majority opinion would appear to confine itself to the first assignment of error as to the insufficiency of the evidence. If counsel for the agency had stopped with the first assignment of error, I would be in agreement with the majority opinion. I agree, in other words, that if an agency relies solely upon alleged errors of the Common Pleas Court as to the weight or sufficiency of the evidence that the agency is without authority to appeal to the Court of Appeals in such event.

I agree also that the agency is permitted to appeal under the amended form of Section 119.12 of the Revised Code only "on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules and regulations of the agency * * *."

I disagree with the majority opinion as to the proper source for determining what questions are in fact raised. I am of the opinion that, in the first instance, the assignments of error and briefs of the appellant must be examined. The majority holds, it seems to me, that the journal entry of the trial court is in all or most of the cases the sole basis for determination. The weakness of this holding lies in the fact that it renders assignments of error meaningless, and, further, that it would place in the court below the power to prevent an appeal by the choice of the language used in the journal entry.

Under Section 2505.21, *supra,* this court is obliged to pass upon "all errors assigned and briefed." The majority opinion has passed upon the first error assigned but as I view it has not passed upon the second error.

A few of the defects disclosed by a casual examination of the record in this case, in addition to ones already mentioned, are as follows:

1. Department exhibit A, being the application for the Class D-5 night club permit, in Item 2 states that the applicant,

Mentor Marinas, Inc., is a corporation but is defective in that in Item 19 and elsewhere there is no answer whether it is a domestic or a foreign corporation and, if the latter, whether it is qualified to do business in Ohio.

2. Department exhibit A, in Item 4, gives conflicting answers in that the location of the proposed permit premises in one place is stated as Mentor, a municipal corporation, and in another, Mentor Township.

The importance of determining with certainty just where the permit will be used is emphasized by the legal requirement that the permit fee be paid in full to the political subdivision in which the permit premises are located, by the fact that permits may only be used in a single fixed location and by the necessity of determining when quotas are reached and numerous other considerations in the various areas.

The majority opinion relies upon the decision of the Supreme Court of Ohio in the case of *Katz* v. *Department of Liquor Control* (1957), 166 Ohio St. 229. That case is, in my opinion, clearly distinguishable from the facts now before this court. In the first place, it was a citation case where a permit holder was found guilty by the Board of Liquor Control of a violation of gambling statutes or regulations. On appeal, the Common Pleas Court reversed the board, holding the evidence to be insufficient. An attempt was made by the board to appeal to this court solely upon the claimed error of the court below on the question of the sufficiency of the evidence. This court, by a two to one vote, sustained a motion to dismiss the appeal, and on appeal to the Supreme Court that decision was affirmed.

The sole question in the *Katz case, supra,* related to the right of an agency to appeal to this court an adverse judgment of the Common Pleas Court solely on the claimed error as to the sufficiency of the evidence. No questions as to constitutionality, construction or interpretation of statutes or rules and regulations were advanced or decided in the *Katz case, supra.*

The case now before the court in contrast with the *Katz case, supra,* is a permit rejection case and the written rejection order specifies the various statutes which the department claims prevent the issuance of the permit. The court below set aside only one order—the rejection order of the agency.

**230**

That order expressly held that Section 4303.18, *supra,* limited the issuance of D-5 permits to those who at least when the permit is issued are either owners or operators of a night club as defined in Section 4301.01 (B) (15) of the Revised Code. At the time of the inspections, Mentor Marinas, Inc., was neither the owner nor the operator of anything at the alleged permit location. As to this the record is clear and not in dispute. The court below could not escape passing on this statutory question, with others. They were written into the rejection order and the court below copied most of the rejection order into its decision.

For the reasons above set forth I feel that this court is under a duty to pass upon both assignments of error.