JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} The Cuyahoga County Department of Employment and Family Services ("the agency") appeals the judgment of the common pleas court, which granted Thelma Williams' ("Williams") appeal of the administrative decision revoking her child care certification. For the following reasons, this court does not have jurisdiction to consider the appeal.
 {¶ 3} The record reveals that in January 2003, Williams requested that the agency certify her new address for child care services. Two agency inspectors, William Clark ("Clark") and Ed Fagan ("Fagan"), went to view the property at 2188 East 74th Street in Cleveland. Williams told the inspectors that she was in the process of moving into the house. Clark and Fagan observed numerous safety violations and told Williams that the agency could not certify that location. Williams then asked Clark and Fagan to inspect and recertify her current residence on Cedar Avenue so that she could continue to provide child care. Clark and Fagan first became suspicious when Williams called the apartment on Cedar Avenue, where she supposedly resided, to see if anyone would be home. The inspectors again were suspicious when they inspected the Cedar Avenue apartment because the apartment did not show any signs that Williams was in the process of moving. They also discovered that the apartment lacked cots for the children. They agreed to return to the Cedar Avenue address later that afternoon to inspect the cots, which Williams said were on a moving truck. Williams also told the inspectors that most of her belongings were in storage and that neither she nor her husband owned any property.
 {¶ 4} Clark and Fagan drove to Orange Village because they suspected that Williams owned a house on Beacon Hill Drive in Orange Village. When they arrived there, they were surprised to see Williams leaving the residence with the cots in the back of her vehicle. She told them that she was just visiting and offered to take them inside so the residents could verify that she did not live there. Clark and Fagan declined her offer and cancelled the afternoon appointment. Fagan further told Williams that she would not be certified at the Cedar Avenue address and would hear from the agency soon.
 {¶ 5} In February 2003, the agency notified Williams that it was revoking her certification as a child care provider because Williams had misrepresented her permanent residence. Williams requested an oral hearing, which was conducted by an agency administrative officer. The hearing officer took testimony from agency officials, who had concluded that Williams did not reside in the apartment which the agency had certified for child care. The hearing officer upheld the agency's decision, finding Williams in violation of agency regulations, which require that child care take place at the provider's permanent residence. The hearing officer found that Williams' permanent address differed from the address the agency had previously certified and she violated policy by misrepresenting her permanent address to agency officials.
 {¶ 6} Williams appealed to the court of common pleas. She also filed a motion for a temporary restraining order ("TRO") and a motion for an injunction to prevent the agency from revoking her certification. The court granted the TRO without a hearing and the agency responded by filing a motion to dissolve the TRO. In June 2003, the trial court conducted a hearing on the injunction, but did not render a decision for more than a year. In July 2004, the court denied the agency's motion to dissolve the TRO and granted the injunction, ordering the agency to take Williams' application for child care certification in good faith. In January 2005, the court reversed the agency decision to revoke Williams' certification, holding that the agency's decision was not supported by reliable, probative, or substantial evidence.
 {¶ 7} The agency appeals, raising two assignments of error. In its first assignment of error, it argues that the trial court erred by reversing the agency's decision, when the decision was lawful, reasonable, and supported by reliable, probative, and substantial evidence.
 {¶ 8} Williams argues that this court does not have jurisdiction to hear this appeal. We agree.
 {¶ 9} R.C. 119.12 confers upon this court limited jurisdiction over administrative appeals taken by a state agency from the trial court decision. R.C. 119.12 provides in pertinent part:
" * * * The judgment of the court [of common pleas] shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency and shall proceed as in the case of appeals in civil actions as provided in sections 2505.01 to2505.45 of the Revised Code. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record * * *."
 {¶ 10} Thus, an agency may appeal a common pleas court's review of an agency decision only upon questions of law. Katz v. Ohio Dept. of LiquorControl (1957), 166 Ohio St. 229, 141 N.E.2d 294. Once the agency has perfected such an appeal, a court of appeals then has discretion to review the trial court's decision about factual matters. Id. at 232.
 {¶ 11} Where it is clear that the trial court's judgment was made entirely upon the evidence, the agency cannot appeal. Miller v. OhioDept. of Indus. Relations (1985), 17 Ohio St.3d 226, 227, 479 N.E.2d 254,256. Furthermore, when the trial court has made no specific determination as to the meaning of a statute, rule or regulation, the court of appeals is without jurisdiction to review that court's judgment. Mentor Marinas,Inc. v. Bd. of Liquor Control (1964), 1 Ohio App.2d 219, 223-224,204 N.E.2d 404, 407-408. In Mentor Marinas, the court stated:
"It is apparent that under this statute it is not enough that there be a final order, nor is it enough that the appeal be on `questions of law' as is true for the ordinary litigant. * * * Whatever the reason, the Legislature in this statute has specifically limited agencies to a narrower right of appeal. The statute requires a final order which raises a question of law, and that question must relate `to the constitutionality, construction, or interpretation of statutes and rules and regulations * * *.' It is only when `such' an appeal has been established that this court may then `also' consider and review the `correctness of the judgment,' i.e., assume jurisdiction to review other questions of law that may be presented. * * *
Questions of law as to the evidentiary basis of a judgment or which involve an abuse of discretion by the court do not create the right to appeal in an agency. Under the statute it necessarily follows that a judgment of the Common Pleas Court could be incorrect and yet not be subject to review on an appeal by the agency. A result which is not consistent on the evidence with the applicable statutes or regulations is an erroneous or incorrect judgment. However, that incorrect result may arise not from an interpretation of a statute or a regulation but from an abuse of discretion, an improper determination of the facts, or, simply, a failure to realize what statute or regulation was actually applicable."
 {¶ 12} An agency's claim that the common pleas court abused its discretion does not create a right of appeal. As we found in Vago v. OhioState Veterinary Medical Board (May 5, 1988), Cuyahoga App. No. 53781, an agency cannot appeal a trial court judgment that decides only that the agency's order lacks support from reliable, probative, and substantial evidence.
 {¶ 13} It is well established that this court may look beyond the language of the journal entry to determine whether it has jurisdiction to consider the agency's appeal. Painesville Raceway v. Dept. of LiquorControl (1980), 70 Ohio App.2d 219, 436 N.E.2d 543; A.B. Jac., Inc. v.Liquor Comm. (1972), 29 Ohio St.2d 139, 280 N.E.2d 371, paragraph two of the syllabus.
 {¶ 14} In the case before us, the journal entry issued by the trial court reads in its entirety:
"As the decision of the Employment and Family Services Agency is not supported by reliable, probative, or substantial evidence, it is herebyreversed. The Plaintiff's child care provider certification is restored."
 {¶ 15} A careful review of the record reveals that the court did not further comment on its reasons for reversing the agency decision. Neither the trial court's judgment entry nor the record reflect that the court engaged in the interpretation of pertinent statutes or rules or made a specific determination as to the meaning of the same. Furthermore, the first assignment of error does not address the constitutionality, construction, or interpretation of a statute or regulation, although the agency claims that it is appealing the interpretation of the applicable statutes. However, the mere assertion that the appeal concerns statutory construction does not confer jurisdiction on the appellate court. Vago,
supra, citing, Mentor Marinas, supra at 223. The agency is not challenging the court's interpretation of the law, but rather is arguing that the trial court held it to a higher standard. The agency argues that it presented an abundance of evidence against Williams at the administrative hearing; therefore, the trial court could not have reversed the agency's decision absent application of a higher standard. There is no evidence in the record that the trial court held the agency to a higher standard. Indeed, all the court said in its journal entry is that the agency did not prove its claims by reliable, probative, or substantial evidence. Moreover, the agency did not request that the trial court issue findings of fact and conclusions of law, pursuant to Ohio Civ.R. 52. Therefore, in accordance with Vago, the agency cannot appeal.
 {¶ 16} Without an issue relating to the constitutionality, construction, or interpretation of a statute or regulation, this court has no authority to address the agency's appeal.
 {¶ 17} In its second assignment of error, the agency argues that the trial court erred in issuing the TRO without a hearing and issuing the injunction a year after the hearing on the injunction. Since this court lacks jurisdiction to hear this appeal, we cannot reach this issue.
 {¶ 18} Accordingly, we conclude that this court is without jurisdiction to hear this agency appeal.
Appeal dismissed.
It is ordered that appellee recover of appellant the costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CALABRESE, JR., J. and KILBANE, J., CONCUR