[Cite as *Ohio Veterans Home v. Taylor*, 2018-Ohio-3879.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ohio Veterans Home, | : | |
| Appellant-Appellant, | : | |
| | | No. 17AP-867 |
| v. | : | (C.P.C. No. 17CV-4455) |
| Shawn Taylor, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on September 25, 2018

**On brief:** *Michael DeWine*, Attorney General, and *Robert E. Fekete*, for appellant. **Argued:** *Matthew Karam*.

**On brief:** *Wright & Noble*, *L.L.C.*, and *Robert D. Noble*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Appellant-appellant, Ohio Veterans Home ("OVH"), appeals from a judgment of the Franklin County Court of Common Pleas affirming a decision of the State Personnel Board of Review ("SPBR"), which found that appellee-appellee, Shawn Taylor, holds a position with OVH in the classified civil service and modified the disciplinary action taken by OVH against appellee from job termination to a five-day suspension. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} OVH is a 427-bed nursing home facility in Sandusky, Ohio that provides services to veterans, including those suffering with Alzheimer's disease and other forms of dementia. In December 2011, OVH hired appellee as an assistant director of nursing

("ADON").  As an ADON, appellee was charged with directing the operation of three of the ten nursing units at OVH.  One of appellee's other responsibilities, which he shared with the other two ADONs on staff, was being available on call every third week to address issues that may arise at OVH that would otherwise require the attention of the director of nursing or the nursing home administrator.

{¶ 3}  On April 19, 2016, OVH formally removed appellee from his position as ADON as a result of an incident where appellee, while on call, allegedly failed to follow up on a report that a resident had been removed from the facility by his brother without authorization.  Appellee timely appealed his termination to the SPBR pursuant to R.C. 124.03 and 124.34.  When OVH filed a "notice of intent to assert jurisdictional bar" on or about June 20, 2016, the matter proceeded to a preliminary jurisdictional "duties hearing" before an administrative law judge ("ALJ").  (Selka Aff. at ¶ 4; July 18, 2016 Tr. at 2.)  As a result of the July 18, 2016 hearing, the ALJ issued a procedural order on July 21, 2016, finding appellee had proven his status as a classified employee at all relevant times.  Accordingly, the matter proceeded to a hearing before the ALJ to determine the merits of OVH's removal order.

{¶ 4}  As a result of a hearing before the ALJ on December 6 and 7, 2016, the ALJ issued a report and recommendation on December 22, 2016.  In addition to incorporating the July 21, 2016 procedural order, the ALJ recommended appellee's discipline be modified from removal to a five-day suspension.  OVH filed objections to the ALJ's report and recommendation on March 22, 2017.  On May 2, 2017, SPBR overruled OVH's objections and adopted the ALJ's report and recommendation as its own.

{¶ 5}  On May 15, 2017, OVH timely appealed to the Franklin County Court of Common Pleas from the SPBR order by filing a notice of appeal pursuant to R.C. 124.34 and Ohio Adm.Code 124-15-06.  On November 8, 2017, the common pleas court issued a decision and entry affirming the SPBR decision both as to the issue of jurisdiction and the modification of discipline.  OVH timely appealed to this court from the decision of the common pleas court.

{¶ 6}  On August 28, 2018, this court issued a journal entry which provides, in relevant part, as follows:

> Because this appeal concerns an administrative agency's appeal from an adverse decision of a lower court on the question of whether the order from the agency is supported by [] reliable, probative and substantial evidence, the parties are ordered to show cause as to why this appeal should not be dismissed pursuant to *Katz v. Dept. of Liquor Control*, 166 Ohio St. 229 (1957).

{¶ 7} The parties subsequently filed memoranda in support of their respective positions on the issue of jurisdiction.

## II. JURISDICTION OF AN AGENCY APPEAL UNDER R.C. 119.12(N)

{¶ 8} R.C. 119.12 provides for an appeal by any party adversely affected by any order of an agency issued pursuant to certain adjudications, in relevant part, as follows:

> (B) Any party adversely affected by any order of an agency issued pursuant to any * * * adjudication may appeal to the court of common pleas of Franklin county, * * * except that appeals under division (B) of section 124.34 of the Revised Code from a decision of the state personnel board of review or a municipal or civil service township civil service commission shall be taken to the court of common pleas of the county in which the appointing authority is located or, in the case of an appeal by the department of rehabilitation and correction, to the court of common pleas of Franklin county.
>
> * * *
>
> (N) The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. These appeals may be taken either by the party or the agency, shall proceed as in the case of appeals in civil actions, and shall be pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code. *An appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and, in the appeal, the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record.*

(Emphasis added.)

{¶ 9}   Under the plain language of R.C. 119.12, an agency has an absolute right to appeal to the Franklin County Court of Common Pleas from any adverse adjudication order issued by SPBR, but an agency's right of appeal from an adverse ruling by the common pleas court is more limited.  *Mentor Marinas, Inc. v. Bd. of Liquor Control*, 1 Ohio App.2d 219, 221 (10th Dist.1964).  This interpretation of the relevant statutory language was "firmly established" by the Supreme Court of Ohio in *Katz v. Dept. of Liquor Control*, 166 Ohio St. 229 (1957).  *Mentor Marinas* at 222.

{¶ 10}  In *Katz*, the Board of Liquor Control revoked a business's liquor permit and the owner appealed.  The common pleas court found that the board order was not supported by reliable, probative, and substantial evidence and reversed.  The Department of Liquor Control of Ohio sought review of a judgment in this court, but we dismissed the appeal.[1]  The Supreme Court accepted an appeal on the following question: "Does an administrative agency have the right to appeal under Section 119.12, Revised Code, from an adverse decision of a lower court on the question of whether an order of the Board of Liquor Control is supported by reliable, probative and substantial evidence?"  *Katz* at 230-31.

{¶ 11} The Supreme Court answered the question in the negative and affirmed the decision of this court.  *Id.* at 232.  The Supreme Court reasoned that the question presented in the case was the correctness of the judgment in light of the facts and not a question of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency.  *Id.*

{¶ 12} In *Ramey v. Ohio State Bd. of Chiropractic Examiners*, 10th Dist. No. 94APE10-1512 (Aug. 3, 1995), the Board of Chiropractic Examiners suspended a practitioner's license based on its determination that he had violated his obligations to a patient under the applicable regulations. The court of common pleas subsequently reversed the suspension order on finding there had never been a physician-patient relationship between the practitioner and the individual.  The board appealed the common pleas court's decision to this court.  We concluded that even though the existence of a physician-patient relationship was a question of law, the question did not involve the constitutionality, construction, or interpretation of a statute or agency rule.  We further concluded that even

_____

[1] Hornbeck, J., dissenting.

though the court of common pleas entertained arguments grounded on administrative regulations, it did not base its decision on those matters.  Accordingly, this court determined that it lacked jurisdiction and dismissed the appeal.

{¶ 13} Similarly, in *Miami-Jacobs Career College v. Ohio Bd. of Nursing*, 10th Dist. No. 11AP-544, 2012-Ohio-1416, the court of common pleas determined that a college's procedural due process rights had been violated in proceedings before the Board of Nursing that resulted in the board's withdrawing conditional approval status for a program at the college.  The board appealed to this court, but this court dismissed the appeal for lack of jurisdiction.  Even though this court acknowledged that the court of common pleas' decision was based on a question of law, this court dismissed the board's appeal because that question of law did not relate to the constitutionality, construction, or interpretation of a statute or agency rule.  *Id.* at ¶ 12, citing *Ramey*.

{¶ 14} In discussing the jurisdictional limitations R.C. 119.12 places on an agency's right of appeal, this court has stated that "it is not enough that there be a final order, nor is it enough that the appeal be on 'questions of law' as is true for the ordinary litigant." *Mentor Marinas* at 222.  We have also noted that "[t]he key is that the trial court actually rule[d] on a question of law that pertains to the constitutionality, construction or interpretation of a statute or agency rule." *Enertech Elec., Inc. v. W. Geauga Bd. of Edn.*, 10th Dist. No. 96APE03-370 (Sept. 3, 1996).  *See also Wolff v. Ohio Dept. of Job & Family Servs.*, 165 Ohio App.3d 118, 2006-Ohio-214, ¶ 9 (10th Dist.) ("[T]he mere application of the law to the facts does not constitute 'interpretation' within the meaning of R.C. 119.12. * * * There must be a genuine question presented and a specific finding by the trial court as to the meaning of the statute or rule.").

{¶ 15} In this appeal, OVH sets forth the following assignments of error:

> 1. The trial court erred in affirming the Board's Order, which improperly determined that Taylor was a classified employee.
>
> 2. The trial court erred by finding that the Board's decision and order modifying Taylor's discipline from removal to a five (5) day suspension was supported by substantial, reliable, and probative evidence and that such decision and order was not contrary to law.

{¶ 16} In its first assignment of error, OVH essentially argues the common pleas court abused its discretion when it affirmed the jurisdictional determination made by SPBR because the record does not contain substantial, reliable, and probative evidence to support the conclusion that appellee's duties place him in the classified civil service.[2] R.C. 124.11(A)(9) defines an unclassified employee, in relevant part, as follows:

> The deputies and assistants of state agencies authorized to act for and on behalf of the agency, or holding a fiduciary or administrative relation to that agency.

{¶ 17} In our view, appellant's appeal does not involve questions of law relating to the constitutionality, construction, or interpretation of statutes and rules pertaining to SPBR. OVH has never contended in this case that the trial court's decision turned on the construction or interpretation of any statutes or agency rules. Rather, OVH has argued that the trial court erred in conducting the analysis required under R.C. 124.34(A)(9) in determining that substantial, reliable, and probative evidence supported SPBR's determination that appellee served OVH in the classified civil service. Nevertheless, OVH now argues the trial court decision in this case involved the interpretation of R.C. 124.34(A)(9), rather than the mere application of statutory language to disputed facts.

{¶ 18} We note that the Supreme Court rejected a similar argument in *Miller v. Dept. of Indus. Relations,* 17 Ohio St.3d 226, 227 (1985). In that case, appellant, the Department of Industrial Relations, sought review of a decision of this court dismissing the department's appeal from a trial court's order reversing a decision from the SPBR. The board had affirmed the department's abolishment of appellee's position, pursuant to R.C. 124.321, on finding that it was justified as part of a qualified reorganization for efficiency plan under R.C. 124.321. A motion to certify the record was accepted by the Supreme Court on the question of whether the department had a right to perfect an R.C. 119.12 appeal.

---

[2] Though OVH's brief does not mention the substantial, reliable evidence standard of review, there is no question that this standard applied to the trial court review of SPBR's determination that appellee was a classified employee. *Baker v. Columbiana Cty. Aud.*, 10th Dist. No. 03AP-552, 2004-Ohio-839, ¶ 10; *Henley v. State Personnel Bd. of Review*, 10th Dist. No. 94APE03-306 (Nov. 1, 1994); *Freeman v. Ohio Dept. of Human Servs.*, 10th Dist. No. 95APE03-359 (Dec. 14, 1995). "On appeal, the standard of review for this court is whether or not the trial court abused its discretion in so finding." *Henley*, citing *Lorain City Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988). *See also Baker* at ¶ 11.

{¶ 19} The Supreme Court concluded the agency had no right to appeal under R.C. 119.12 because the trial court's ruling did not involve a question of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency. *Id.* at 227. In so holding, the court stated:

> Upon review of the trial court's judgment entry, we conclude that the decision was made entirely upon the evidence and did not involve an interpretation of R.C. 124.321. The court addressed the specific issue of whether the evidence supported the board's conclusion. This was clearly a determination concerning the facts, not a question of law.

*Id.*

{¶ 20} Though the department had alleged in the trial court that the board misconstrued R.C. 124.321 in making its ruling, the Supreme Court did not agree that the department's allegation raised a question of law. In rejecting the department's argument, the Supreme Court also distinguished prior case law cited by the department which permitted an agency to take an R.C. 119.12 appeal to the court of appeals from an adverse ruling of the common pleas court. *Id.*, citing *A. B. Jac., Inc. v. Liquor Control Comm.*, 29 Ohio St.2d 139 (1972) (the Ohio Liquor Control Commission has the right to appeal from an adverse ruling of the court of common pleas, where all the essential elements of the violation in question were stipulated and where the reversal is based on an interpretation of a regulation of the commission); *Rrawu, Inc. v. Liquor Control Comm.*, 46 Ohio St.2d 436, 440-41 (1976) (where the violation of the regulation is stipulated, the reversal by the court of common pleas had to involve the trial court's interpretation of the regulations of the Board of Liquor Control). The Supreme Court in *Miller* stated: "In the case *sub judice*, the crux of the controversy surrounds an interpretation of the facts and whether they support the board's ruling. Therefore, the aforementioned cases have no precedential value." (Emphasis sic.) *Id.* at 227.

{¶ 21} The same is true of the present case, as the crux of the controversy surrounds the trial court's interpretation of facts and whether they support SPBR's ruling that appellee did not have a fiduciary or administrative relationship to OVH. The essence of the trial court's decision was SPBR's resolution of the factual dispute between the parties as to the nature and extent of appellee's actual job duties, not an interpretation or construction of

R.C. 124.11(A)(9).  Like the *Miller* case and unlike *A. B. Jac.* and *Rrawu*, this appeal does not involve interpretation of a statute where the material facts are stipulated.

{¶ 22}  We note appellant has not cited a single case authorizing this court to hear and determine an appeal by an agency from a decision of the common pleas court either affirming an SPBR determination that the employee served the agency in the classified civil service, pursuant to R.C. 124.11(A)(9), or reversing an SPBR determination that the employee served the agency in the unclassified civil service.  The only decision we have uncovered involving such an appeal is *In re Dismissal of Mitchell*, 60 Ohio St.2d 85 (1979).

{¶ 23}  In that case, the sheriff's department removed Mitchell from his employment as chief deputy for violating department rules.  Mitchell appealed his removal to the SPBR.  An administrative hearing officer determined the department could not raise the issue whether Mitchell was an unclassified employee because it had failed to satisfy the requirements of the administrative regulation permitting the sheriff's department to exempt certain employees from the classified civil service.[3]  The department objected to the hearing officer's determination.  The SPBR reversed the hearing officer and affirmed the removal.  Mitchell appealed to the common pleas court.  In reversing the SPBR and overturning Mitchell's removal, the common pleas court determined the department failed to comply with "the procedural mechanism by which appellee could have exempted appellant from classified status," and the evidence did not support the removal order.  *Id.* at 89.  The court of appeals affirmed the judgment of the common pleas court, in part, with regard to Mitchell's status as a classified employee but reversed the judgment on finding that substantial, reliable, and probative evidence supported Mitchell's removal for violations of policies of the sheriff's department.

{¶ 24}  In his appeal to the Supreme Court, Mitchell contended the court of appeals did not have jurisdiction to hear and determine the department's appeal from the decision of the common pleas court because the appeal did not involve questions of law relating to

---

[3] The Supreme Court noted: "During the administrative proceedings in the cause at bar, appellee contended that appellant was an unclassified employee and therefore could not appeal his discharge from employment under the provisions of R. C. 124.03(A).  The hearing officer for the State Personnel Board of Review rejected this allegation on the grounds that appellee had failed to comply with Ohio Adm. Code 123:1-5-03, which requires the appointing authority to provide a statement detailing the legal and factual basis for exempting a deputy or an assistant from classified service.  This interpretation of the administrative regulation was challenged by appellee in the Court of Common Pleas."  *Id.* at fn. 2.

the constitutionality, construction, or interpretation of statutes and rules and regulations of the agency. In finding that the appellate court was empowered to review the judgment of the trial court under R.C. 119.12, the Supreme Court reasoned the appellate court was reviewing a question of rule interpretation. The Supreme Court found as follows:

> Appellee's appeal presented the Court of Appeals with a question of law which by necessity required resolution upon an interpretation of the pertinent statutes, regulations and case law. The Court of Appeals affirmed the interpretation of the Court of Common Pleas with respect to the consequences of appellee's failure to comply with the statutes and the regulation which set forth the procedure to exempt appellant from classified employment status.
>
> Under such circumstances, the appeal to the Court of Appeals involved "questions of law relating to the * * * interpretation of the statutes and rules of the agency," as provided for in R. C. 119.12.

*Id.* at 89-90.

{¶ 25} The *Mitchell* decision sheds light on the question of whether R.C. 119.12 permits an agency to appeal a decision of the common pleas court either affirming or reversing an SPBR determination made pursuant to R.C. 124.11(A)(9). R.C. 119.12 authorized such an appeal by the appointing authority in *Mitchell* because the common pleas court was required to interpret the provisions of former Ohio Adm.Code 123:1-5-03 in its review of the SPBR decision. *Id.* at 89-90. *See also Smith v. Belmont Cty. Prosecuting Attorney*, 7th Dist. No. 81-B-4 (Mar. 30, 1982) (citing *Mitchell* for this proposition).[4] In this case, no such question was presented to or decided by the trial court. The trial court decision in this case was strictly limited to the specific issue of whether substantial, reliable, and probative evidence supported the SPBR's finding that appellee did not serve OVH in a fiduciary or administrative capacity.

---

[4] In *McAninch v. Crumbley*, 65 Ohio St.2d 31, 34 (1981), the Supreme Court invalidated Ohio Adm.Code 123:1-5-03 to the extent that it altered the statutory definition of an unclassified employee under R.C. 124.11(A)(9). Pursuant to *McAninch*, an appointing authority's non-compliance with the rule no longer precludes the appointing authority from claiming that the employee's duties place the employee in the unclassified civil service.

{¶ 26} The decisions from the Supreme Court in *Katz*, *Miller*, and *Mitchell*, as well as the decisions from this court in *Miami-Jacobs* and *Ramey*, convince us that we do not have jurisdiction of OVH's appeal in this case.  We are not persuaded by OVH's argument that the trial court's alleged misapplication of the relevant case law decided under R.C. 124.34(A)(9) amounts to an interpretation or construction of the statutes or rules applicable to the SPBR.  *Miller*; *Mitchell*.  R.C. 119.12(N) provides that an "appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency."  Though examination and application of the relevant case law is part of the analysis required of the trial court in reviewing an SPBR determination under R.C. 124.11(A)(9), the question whether a particular employee's duties give rise to a fiduciary or administrative relationship to the appointing authority is primarily a determination concerning the facts, not a question of law.

{¶ 27} Similarly, in light of the *Mitchell* decision, we find no merit in OVH's contention that *Katz* and its progeny are distinguishable from this case because those cases do not concern the jurisdiction of an adjudicative body to hear and determine the initial employee appeal.  As previously noted, the basis for appellate jurisdiction in *Mitchell* was the interpretation by the common pleas court of a provision of the Ohio Administrative Code exempting Mitchell from the classified civil service, not the determination of Mitchell's status as a fiduciary employee.

{¶ 28} Here, SPBR made a factual determination, based on disputed evidence, that appellee's duties with OVH did not give rise to a fiduciary or administrative relationship between appellee and OVH and that appellee served OVH in the classified civil service.  Based on that factual determination, R.C. 124.11(A)(9) required the SPBR to assume jurisdiction of appellee's appeal from the OVH removal order.  The SPBR further determined that the evidence presented at the administrative hearing did not merit removal and modified appellee's discipline to a five-day suspension.  In OVH's appeal from the SPBR order, the question for the common pleas court was whether substantial, reliable, and probative evidence supported the SPBR's jurisdictional determination and, if so, whether substantial, reliable, and probative evidence supported the modification of discipline.  Neither determination is appealable to this court by the agency under R.C. 119.12(N).

{¶ 29}  On review of the trial court's judgment entry, we conclude the decision was made entirely on the evidence and did not involve an interpretation of R.C. 124.11(A)(9). The court addressed the specific issue of whether the evidence supported the SPBR's conclusion.  This was clearly a determination concerning the facts, not a question of law. Consequently, this court is without jurisdiction to hear and determine OVH's appeal.

## III.  CONCLUSION

{¶ 30}  Having determined that we do not have jurisdiction of this appeal, we dismiss the appeal.

*Appeal dismissed.*

BROWN, P.J., and DORRIAN, J., concur.

_____