A. B. Jac., Inc., d. b. a. Carousel Club, Appellee, *v.* Liquor Control Commission, Appellant.

(No. 71-305—Decided March 8, 1972.)

*Mr. Ned W. Thomas,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John A. Connor, II,* for appellant.

STERN, J. The issue before this court is whether the Liquor Control Commission did in fact have a right to perfect an appeal to the Court of Appeals. A review of the record is essential to this determination.

All three original charges before the Liquor Control Commission involved an alleged violation of LCc-1-52. This regulation, which is authorized by R. C. 4301.03, provides as follows:

"Entertainment—Prohibition Against Improper Conduct.

"No permit holder, his agent, or employee shall knowingly or willfully allow in, upon or about his licensed premises improper conduct of any kind, type or character; any improper disturbances, lewd, immoral activities or brawls; or any indecent, profane or obscene language, songs, entertainment, literature, pictures, or advertising materials; nor shall any entertainment consisting of the spoken language or songs which can or may convey either directly or

by implication an immoral meaning be permitted in, upon or about the permit premises.

"Entertainment consisting of dancing, either solo or otherwise, which may or can, either directly or by implication, suggest an immoral act is prohibited. Nor shall any permit holder, his agent, or employee possess or cause to have printed or distributed any lewd, immoral, indecent or obscene literature, pictures or advertising material."

The essence of the charges brought by the Director of Liquor Control is that, on November 5, November 8, 1968, and February 15, 1969, the owner's agent knowingly and/or willfully permitted improper conduct upon permit premises by allowing females to dance with insufficient attire, to wit, pasties which covered only the nipple and areola portion of their breasts.

The appellee entered a plea of denial, but with a stipulation as to each of the three charges. In each case, the stipulation admitted all the elements of the particular charge, thus removing from question any argument as to the pertinent facts. The sole question which remained for the Liquor Control Commission to determine was whether the stipulated conduct constituted a violation of Regulation LCc-1-52. This question necessitated an interpretation of that regulation by the commission.

Subsequent to the commission's holding that the stippulated conduct fell within the scope of Regulation LCc-1-52, the appellee filed his appeal to the Court of Common Pleas, charging three assignments of error. The essence of these assignments was that the judgment was not substantiated by reliable, probative, and substantial evidence; that the regulation was vague and ambiguous; and that the regulation did not prohibit the acts set forth in the complaint. These assignments, in view of the stipulation, likewise necessitated an interpretation of Regulation LCc-1-52.

There being no factual issues in dispute, there could be no question of fact for determination by the Court of Common Pleas. That court, however, stated its finding in the journal entry, as follows:

"It is therefore the finding of this court that the order of the Liquor Control Commission is not supported by reliable, probative and substantial evidence and is not in accordance with law and therefore reversed."

Standing alone, that finding is not appealable because R. C. 119.12 does not authorize an appeal from the Court of Common Pleas by an agency solely upon issues of fact. This finding did not, however, constitute the entire journal entry, and, it is fundamental in law that the court speaks through its *entire* journal entry.

Looking to the *entire* journal entry, we find that the Court of Common Pleas devoted the bulk of its entry to a determination of what it feels are the "contemporary community standards" in regard to the conduct stipulated in these three charges. The court's conclusion was that such stipulated conduct did not violate the "contemporary community standards," and therefore did not constitute a violation of Regulation LCc-1-52.

Without expressing any opinion as to the relevency of the "contemporary community standards" test to the cases at hand, we note that no questions of fact were in issue before the Court of Common Pleas. The entire journal entry, along with the proceedings, clearly indicates that the Court of Common Pleas reversed the commission's orders upon the basis of a question of law interpreting the application of Regulation LCc-1-52.

An appeal by the Liquor Control Commission from such a decision by the Court of Common Pleas is specifically authorized by the ninth paragraph of R. C. 119.12. *Katz* v. *Dept. of Liquor Control* (1957), 166 Ohio St. 229.

In pertinent part, R. C. 119.12 reads:

"* * * The judgment of the court [Common Pleas] shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency and shall proceed as in the case of appeals in civil actions as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code. *Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of*

*statutes and rules and regulations of the agency* and in such appeal the court may also review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record. * * * '' (Emphasis added.)

Appellant, in its appeal and brief to the Court of Appeals, specified that the appeal was on a question of law. Indeed, with all the facts having been stipulated, we must concur with the dissenting opinion of Judge Potter in the Court of Appeals, that the finding of the Court of Common Pleas ''* * * had to involve the lower court's *interpretation* of both the Liquor Control Act and regulations of the Board of Liquor Control.'' (Emphasis added.)

For the foregoing reasons, the judgment of the Court of Appeals dismissing appellant's appeals is reversed and the causes are remanded to that court, with direction to consider the appeals upon the merits.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, CORRIGAN, LEACH and BROWN JJ., concur.

HERBERT, J., concurring. I agree with the majority in its discussion of the law applicable to this case insofar as it goes, but have reservations with regard to the extent of that discussion and the disposition of the appeal.

All parties agreed in oral argument that the scope and application of regulation LCc-1-52 is a matter of pressing statewide interest. The general public, permit holders, enforcement agencies and lower courts are concerned over the issues presented in this appeal. Moreover, as noted by the majority, there are no questions of fact to be resolved below.

The instant permit holder has remained open for business throughout these lengthy proceedings, and will continue in that happy state unless finally suffering a judicial determination that the liquor commission has been

right all along. Additionally, it surfaced during oral argument of this cause that while the semi-nude, all-girl band attraction has been abandoned by the permit holder, an occasional nude dancer may have flitted past its patrons during the pendency of these proceedings.

It seems sensible to me that we should decide all the questions of law in this case now, or at least condition our remand with a mandate for accelerated disposition by the court below.