RRAWU, INC., APPELLEE, *v.* LIQUOR CONTROL COMMISSION, APPELLANT.

[Cite as Rrawu, Inc., v. Liquor Control Comm. (1976), 46 Ohio St. 2d 436.]

(No. 75-874—Decided June 23, 1976.)

*Messrs. Berkman, Gordon, Kancelbaum & Levy,* Mr.
*Bernard A. Berkman,* Mr. *Larry S. Gordon* and Mr. *Joshua
J. Kancelbaum,* for appellee.

Mr. *William J. Brown,* attorney general, *Mr. James
E. Uprichard, Jr.,* and Mr. *James M. Guthrie,* for appellant.

*Per Curiam.* The question presented is whether the
Liquor Control Commission is entitled to appeal the judg-
ment of a trial court to the Court of Appeals under the pro-
visions of R. C. 119.12, where a stipulation made at the
hearing before the commission admitted violation of the
regulation of the commission, and the trial court's judg-
ment entry reversing the order of the commission is based
only upon a finding that the "order of the Liquor Control
Commission is not supported by reliable, probative and
substantial evidence* * *."

R. C. 119.12 reads, in part:

"* * * The judgment of the court [Common Pleas]
shall be final and conclusive unless reversed, vacated, or
modified on appeal. Such appeals may be taken either by
the party or the agency and shall proceed as in the case of
appeals in civil actions as provided in Sections 2505.01 to
2505.45, inclusive, of the Revised Code. Such appeal by the
agency shall be taken on questions of law relating to the
constitutionality, construction, or interpretation of statutes
and rules and regulations of the agency and in such appeal
the court may also review and determine the correctness of
the judgment of the Court of Common Pleas that the order
of the agency is not supported by any reliable, probative,
and substantial evidence in the entire record. * * *"

R. C. 119.12 was construed in *Katz* v. *Dept. of Liquor
Control* (1957), 166 Ohio St. 229. The syllabus in *Katz*
reads:

"Under the provisions of R. C. 119.12, as amended in
1953 (125 Ohio Laws, 488), an administrative agency may
appeal from a judgment of the Court of Common Pleas,
rendered on appeal from a decision of such agency, only
upon questions of law relating to the constitutionality, con-

struction or interpretation of statutes and rules and regulations of the agency, but when such appeal is perfected the reviewing court has jurisdiction to review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record.''

In dismissing the appeal in the instant cause, the Court of Appeals concluded that the commission may not appeal from a judgment of the Court of Common Pleas when "* * * the court's journal entry merely recites that the decision of the Board of Liquor Control is not supported by reliable, probative and substantial evidence.'' The *Katz* case, *supra*, and *A. B. Jac., Inc.,* v. *Liquor Comm.* (1972), 29 Ohio St. 2d 139, are cited by the Court of Appeals.

The syllabus in *A. B. Jac., Inc.,* v. *Liquor Comm., supra*, reads:

"1. The Ohio Liquor Control Commission has a right of appeal from a judgment of the Court of Common Pleas, where all the essential elements of the violation in question were stipulated at the hearing before the commission and where the Court of Common Pleas reverses the order of the Liquor Control Commission upon the basis of a question of law interpreting the application of a regulation of the commission.

"2. Where, in the interest of justice, it is essential for a reviewing court to ascertain the grounds upon which a judgment of a lower court is founded, the reviewing court must examine the entire journal entry and the proceedings.''

In the *A. B. Jac.* case, the Court of Common Pleas, reversing suspension orders issued by the commission, stated in its journal entry, "* * * that the order of the Liquor Control Commission is not supported by reliable, probative, and substantial evidence and is not in accordance with law * * *.'' It was stated in the opinion of this court, at page 142, that such a finding by the trial court "standing alone" was "* * * not appealable because R. C. 119.12 does not

authorize an appeal from the Court of Common Pleas solely upon issues of fact.''

The *A. B. Jac.* case is similar to the instant cause in that there, at page 141, it appears that a stipulation was made which admitted all the elements of the particular charge, thus removing from question any argument as to the pertinent facts. That case differs from the instant cause in that the journal entry of the trial court, in *A. B. Jac.*, contained references to '' 'contemporary community standards' in regard to the conduct stipulated in * * * [the] charges.'' *Id.* at page 142.

Concluding that the judgment of the trial court in *A. B. Jac.* was appealable to the Court of Appeals, this court reasoned as follows, at pages 142-143:

''Without expressing any opinion as to the relevancy of the 'contemporary community standards' test to the cases at hand, we note that no questions of fact were in issue before the Court of Common Pleas. The entire journal entry, along with the proceedings, clearly indicates that the Court of Common Pleas reversed the commission's orders upon the basis of a question of law interpreting the application of Regulation LCc-1-52.

''* * *

''Appellant, in its appeal and brief to the Court of Appeals, specified that the appeal was on a question of law. Indeed, with all the facts having been stipulated, we must concur with the dissenting opinion of Judge Potter in the Court of Appeals, that the finding of the Court of Common Pleas '* * * had to involve the lower court's *interpretation* of both the Liquor Control Act and regulations of the Board of Liquor Control.' '' (Emphasis added.)

In the instant cause, the trial court's judgment entry contains nothing which would indicate that its reversal of the commission was based upon ''* * * a question of law interpreting the application of Regulation LCc-1-52.'' It is apparent, however, that with violation of the regulation ''* * * having been stipulated * * * the finding of the Court of Common Pleas ' * * * had to involve the lower court's

*interpretation* of * * *' " the regulation of the commission.

Inasmuch as the finding of the Court of Common Pleas necessarily was based on "* * * a question of law interpreting the application of a regulation of the commission," the judgment of that court was appealable under the provisions of R. C. 119.12.

Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.