IN RE APPEAL OF LAUDERBACH.

[Cite as In re Lauderbach (1978), 63 Ohio App. 2d 157.]

(No. 78AP-443—Decided December 26, 1978.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown, Newman & Gee* and *Mr. James E. Melle,* for Betty Lauderbach.

*Mr. William J. Brown,* attorney general, *Mr. Robert P. Sherman* and *Ms. Cynthia E. Wayland,* for the department of agriculture.

WHITESIDE, J. The Department of Agriculture has appealed from a judgment of the Franklin County Court of Common Pleas reversing an order of the State Personnel Board of Review. In support of its appeal, the Department of Agriculture raises two assignments of error, as follows:

"1. The Court of Common Pleas erred in reversing the order of the State Personnel Board of Review on the basis that the order did not comply with the requirements of R. C. 119.09.

"2. The Court of Appeals [*sic*] erred in its judgment that the order of the State Personnel Board of Review is not supported by any reliable, probative, and substantial evidence in the entire record."

The employee, Betty Lauderbach, appealed to the State Personnel Board of Review from her reclassification from Clerk IV to Technical Typist (12513), contending that her proper classification was that of Administrative Secretary (16831). The matter was referred to a referee, who conducted a hearing and received evidence. Appearances were made at

that hearing by the employee and the Department of Administrative Services. Although the appointing authority as such made no appearance, the Department of Agriculture was represented by its personnel officer, Frank Gallo. At the hearing, the employee presented her own testimony and that of a co-worker, as well as various exhibits. Neither the Departments of Agriculture nor Administrative Services presented any evidence. The evidence indicated, *inter alia,* that the classification specifications for technical typist, the classification to which the employee was assigned, requires that the employee devote more than half of her time to typing; whereas, the employee in question, Lauderbach, devotes no more than fifteen percent of her time to typing, with the remainder of her time being devoted to other clerical or administrative duties. At the conclusion of the hearing before the referee, Mr. Gallo contended that the employee was properly classified as a technical typist, while the assistant attorney general representing the Department of Administrative Services made the following statement:

"The Department of Administrative Services feels that the requested class Administrative Secretary I, specification 16831, would not be the appropriate class.

"Basically because the class was not on file as of January 4, 1976. It was a new class in June 4, 1976.

"The people in positions that were allocated to that series were put into Administrative Assistant I, specification 63121.

"The Department of Administrative Services feels that the Appellant was improperly classified. She does not fit the Technical Typist classification and we are recommending that the Hearing Officer take judicial notice of the testimony that was presented today and choose an appropriate classification."

The referee made findings as to the duties of the employee and recommended that she be classified as Administrative Assistant I (63121). The Department of Agriculture filed objections to the referee's findings. The Board of Review in its order with respect to these objections stated: "The Board finds the objections without merit." The order further stated that: "However, the Board finds the recommendation should not be approved because: In reviewing the files and recommendation of the Hearing Officer, we feel that she correctly falls in classification No. 12513." Accordingly, the Board plac-

ed the employee, Lauderbach, in the classification of Technical Typist (12513), with two members of the Board concurring.

The employee appealed to the Court of Common Pleas, which reversed the order of the State Personnel Board of Review and ordered the employee to be reclassified as an Administrative Assistant I, classification No. 63121, stating in its judgment entry:

"Upon examination of the record in this case, the Court finds that the State Personnel Board of Review's decision was not supported by reliable, probative and substantial evidence for its disapproval of the hearing examiner's recommendation pursuant to Ohio Revised Code Section 119.09."

As noted, the Department of Agriculture has filed a notice of appeal from this judgment. The employee has filed two motions to dismiss this appeal, one contending that the Department of Agriculture has no right to take an appeal regardless of the issues involved, and the other motion contending that, assuming that the Department of Agriculture has some right of appeal, such right is limited by R. C. 119.12 to those instances where the Court of Common Pleas has determined some question of law relating to constitutionality, construction or interpretation of statutes, or rules.

R. C. 119.12 provides in pertinent part that:

"***The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency***. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record.***"

In *Katz* v. *Dept. of Liquor Control* (1957), 166 Ohio St. 229, the Supreme Court held in the syllabus that:

"Under the provisions of Section 119.12, Revised Code***an administrative agency may appeal from a judgment of the Court of Common Pleas, rendered on appeal from a decision of such agency, only upon questions of law relating to the constitutionality, construction, or interpretation of statutes and rules and regulations of the agency***."

In *Katz,* the Supreme Court affirmed a dismissal of an appeal by the Court of Appeals where the only determination by the Court of Common Pleas was that the order of the agency was not supported by reliable, probative, and substantial evidence. Likewise, in this case, the only determination by the Court of Common Pleas was that the order of the State Personnel Board of Review was not supported by reliable, probative, and substantial evidence.

The Department of Agriculture, however, contends that the trial court's judgment was predicated upon an interpretation of R. C. 119.09, which was erroneous. Although the Court of Common Pleas did refer to the fact that the Personnel Board of Review did not fully comply with R. C. 119.09, the reversal of the order was not predicated thereon. R. C. 119.09 provides in pertinent part that: "* * *if the agency modifies or disapproves the recommendations of the referee or examiner it shall include in the record of its proceedings the reasons for such modification or disapproval."

However, the judgment of the Court of Common Pleas did not involve an interpretation of that section, although it was alluded to, but instead was predicated solely upon the finding that the order of the State Personnel Board of Review was not supported by reliable, probative, and substantial evidence. A reference to the decision of the Court of Common Pleas also does not indicate that its judgment was predicated upon an interpretation of law but instead was solely predicated upon an issue of fact; namely, that the order appealed from was not supported by reliable, probative, and substantial evidence. Under the rule of *Katz,* the agency has no right of appeal under such circumstances.

As held in *Corn* v. *Board of Liquor Control* (1953), 160 Ohio St. 9, an administrative agency has no right of appeal unless expressly conferred upon it by statute.

Appellant contends that the trial court interpreted and applied R. C. 119.09 and attempts to bolster this contention by the first assignment of error, contending that the trial court erred in reversing the order of the State Personnel Board of Review on the basis that the order did not comply with the requirements of R. C. 119.09. A review of the record, however, reveals that the trial court did not reverse the order for non-compliance with R. C. 119.09 but, instead, reversed the order

solely because it was not supported by reliable, probative, and substantial evidence. Merely asserting an assignment of error upon an issue which would give rise to a right of appeal pursuant to R. C. 119.09 cannot confer jurisdiction upon this court. As indicated, we find that the sole predicate upon which the trial court's judgment was based was the factual issue that the order appealed from was not supported by reliable, probative, and substantial evidence. Accordingly, "the agency" has no right of appeal under R. C. 119.12, there being no question of law relating to the constitutionality, construction, or interpretations of statutes and rules determined by the trial court.

The Department of Agriculture also contends that it was a party necessary and adverse to the appeal in the Common Pleas Court and, accordingly, is entitled to appeal pursuant to R. C. 119.12. The same contention was expressly rejected in *Corn, supra.* R. C. 119.01(G) defines "party" as: "[t]he person whose interests are the subject of an adjudication by an agency." Although considering the issue of the right of appeal to the Common Pleas Court pursuant to R. C. 119.12, the Supreme Court in *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41, expressly rejected a contention that the appointing authority is a party adversely affected by an order of the State Personnel Board of Review, it being stated at page 49 of the opinion:

"To be a *party* one must first be a *person.* The Administrative Procedure Act's definition of the word *person* does not include the state. Nor does it include any state agency. Nor does it include the director of any agency. Nor is the state on the relation of any department, director or agency a *person.*"

Thus, any appeal by the Department of Agriculture must be predicated upon its being an "agency" within the contemplation of R. C. 119.12. However, for the reasons set forth above, that section does not confer a right of appeal upon the agency from the judgment of the Court of Common Pleas appealed from. Furthermore, although the Department of Agriculture is an agency within the broad sense of the word, it is not an agency within the definition of R. C. 119.01(A). Nor does this case fall into that category, where the appointing authority having a statutory right of appeal from an adverse

decision of the State Personnel Board of Review, likewise, has a right of appeal from an adverse judgment of the Court of Common Pleas upon review of the decision of the State Personnel Board of Review. Nor, strictly speaking, is the Department of Agriculture the appointing authority. R. C. 124.01(D) defines "appointing authority," as follows:

" 'Appointing authority' means the officer, commission, board, or body having the power of appointment to, or removal from, positions in any office, department, commission, board or institution."

We, accordingly, conclude that the Department of Agriculture has no right of appeal from the judgment of the Court of Common Pleas from which this appeal is taken. Even assuming that the Department of Agriculture qualifies as an agency within the contemplation of R. C. 119.12, the judgment of the Common Pleas Court was predicated solely upon a determination that the decision of the State Personnel Board of Review was not supported by reliable, probative, and substantial evidence, with the result that the agency has no right of appeal pursuant to the rule of *Katz, supra.*

For the foregoing reasons, the motions to dismiss are sustained, and this appeal is dismissed.

*Appeal dismissed.*

HOLMES, P. J., and STRAUSBAUGH, J., concur.

HOLMES, P. J., concurring. I concur in the judgment, and that part of the decision which concludes that the trial court did not err in holding that the order of the Personnel Board of Review was not supported by reliable, probative, and substantial evidence.

As to that portion of the decision relating to the right of the Department of Agriculture to appeal the judgment of the Common Pleas Court, I am in agreement that the motion to dismiss should be sustained in that the decision of the Common Pleas Court was upon the factual basis as above stated, and thus not appealable under R. C. 119.12.

However, I am not in agreement that the Department of Agriculture may not qualify as an agency within the contemplation of R. C. 119.12 for an appeal in an appropriate case.