MILLER, APPELLEE, *v.* DEPARTMENT OF INDUSTRIAL RELATIONS, APPELLANT.

[Cite as Miller *v.* Dept. of Indus. Relations (1985), 17 Ohio St. 3d 226.]

(No. 84-1206—Decided June 12, 1985.)

*Muenz & Teague* and *Rodney B. Teague,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Joel S. Taylor* and *William S. Lavelle,* for appellant.

*Per Curiam.* The issue presented is whether the department had a right to perfect an appeal under R.C. 119.12 to the court of appeals. Since the trial court's ruling was based solely on the evidence and did not involve a question of law, we hold that the appellate court was correct in dismissing the appeal.

With respect to an appeal in this situation, R.C. 119.12 states:

"* * * Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record. * * *"

The clear language of the provision allows an agency the right to ap-

peal only on questions of law pertaining to state statutes as well as rules and regulations which were promulgated by the agency. *Katz* v. *Dept. of Liquor Control* (1957), 166 Ohio St. 229 [2 O.O.2d 54]; *A. B. Jac., Inc.* v. *Liquor Control Comm.* (1972), 29 Ohio St. 2d 139 [58 O.O.2d 342]; *Rrawu, Inc.* v. *Liquor Control Comm.* (1976), 46 Ohio St. 2d 436 [75 O.O.2d 494]; *In re Dismissal of Mitchell* (1979), 60 Ohio St. 2d 85 [14 O.O.3d 307]. Once the appeal is perfected on these grounds, the appellate court has jurisdiction to review the lower court's ruling as to the particular question of law and whether it is supported by any reliable, probative and substantial evidence. *Katz, supra.*

The department contends that the trial court misconstrued R.C. 124.321 by ruling that it did not satisfy the requirements of the statute in abolishing appellee's position of employment. Thus, counsel for the department argues that the appeal involved a question of law concerning the correct interpretation of the statute.

Upon review of the trial court's judgment entry, we conclude that the decision was made entirely upon the evidence and did not involve an interpretation of R.C. 124.321. The court addressed the specific issue of whether the evidence supported the board's conclusion. This was clearly a determination concerning the facts, not a question of law.

While the entry mentioned R.C. 124.321, it did so only for purposes of listing the statutory reasons necessary for justifying job abolishment. There was no issue involving statutory interpretation before the court. The mere allusion to a statute, without more, does not provide an agency with the right to appeal under R.C. 119.12. *In re Lauderbach* (1978), 63 Ohio App. 2d 157 [17 O.O.3d 362].

Finally, the department argues that our prior decisions in *A. B. Jac., supra,* and *Rrawu, supra,* mandate a different result here. These cases, however, can be easily distinguished as each involved an interpretation of a statute where the facts had been stipulated by the parties. In the case *sub judice,* the crux of the controversy surrounds an interpretation of the facts and whether they support the board's ruling. Therefore, the aforementioned cases have no precedential value.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

Sweeney, Locher, Holmes, Douglas and Wright, JJ., concur.

Celebrezze, C.J., and C. Brown, J., dissent.

Clifford F. Brown, J. dissenting. Because I believe that this court must either reverse the judgment of the court of appeals on the authority of *Katz* v. *Dept. of Liquor Control* (1957), 166 Ohio St. 229 [2 O.O.2d 54], and *A.B. Jac., Inc.* v. *Liquor Control Comm.* (1972), 29 Ohio St. 2d 139 [58

O.O.2d 342], or overrule those decisions, I dissent. Today's affirmance of the court of appeals directly and entirely conflicts with our holdings in *Katz, supra,* and *A.B. Jac., supra,* for the following reasons.

R.C. 119.12 permits an agency to appeal "questions of law relating to the constitutionality, construction, or interpretation of statutes * * *." The majority today rushes to its conclusion that no such question of law exists here without considering the impact of past holdings of this court. *Katz,* though cited by the majority, is actually totally unsupportive of this conclusion.

*Katz* acknowledged that R.C. 119.12 limits an agency's right to appeal adverse decisions of the court of common pleas to the court of appeals to "questions of law" regarding the constitutionality, construction or interpretation of statutes. *Id.* at syllabus. In the subsequent *A. B. Jac.* decision, we held that where, as here, there is no disagreement between the parties as to the facts, the judgment of the court of common pleas had to involve a question of law in that the only dispute before it was the correct application of the relevant statute to those facts. Since this necessarily turns on the court's interpretation of the statute, a question of law exists, and the court of appeals erred in refusing to consider the appeal under R.C. 119.12. See, also, *Rrawu, Inc.* v. *Liquor Control Comm.* (1976), 46 Ohio St. 2d 436 [75 O.O.2d 494].

The department's appeal in the instant cause was predicated squarely on the common pleas court's construction and interpretation of R.C. 124.321. But the majority is overly impressed by the fact that the trial court's decision "was made entirely upon the evidence," and that it "addressed the specific issue of whether the evidence supported the board's conclusion." The majority quickly infers that the decision was therefore "clearly a determination concerning the facts, not a question of law." This facile analysis utterly overlooks the fact that such decisions, which superficially appear to be fact-based, may actually turn on the issue of whether a given statute applies to such facts. Thus, a question of law exists "relating to the * * * interpretation of statutes * * *" within the meaning of R.C. 119.12. This is precisely what this court held in *A. B. Jac., supra.* Today's decision flatly conflicts with that holding.

It should also be noted that the reliance of the majority on *In re Lauderbach* (1978), 63 Ohio App. 2d 157 [17 O.O.3d 362], is unjustified. That decision is cited for the proposition that "mere allusion" to a statute by the trial court will not transform an appeal into one involving a question of law. What the majority fails to recognize is that this proposition has no application whatsoever to the instant cause. In *Lauderbach,* the trial court's reference to the statute was truly peripheral and obviously did not constitute the basis for its decision. In the case at bar, the entire opinion of the trial court is devoted to determining whether the undisputed facts fall within the purview of R.C. 124.321. *Lauderbach* is therefore inapposite.

Moreover, the court of common pleas in this case misconstrued its

duty under R.C. 119.12. That statute states in part that "[t]he court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative and substantial evidence and is in accordance with law." It is well-settled that reviewing courts will not substitute their judgment for that of an administrative agency where there is sufficient reliable evidence supporting its order. See, *e.g., Harris* v. *Lewis* (1982), 69 Ohio St. 2d 577 [23 O.O.3d 485]. In evaluating the order of the board, the trial court disregarded substantial relevant testimony to the effect that the department's needs would be more efficiently handled by one assistant attorney general rather than by the appellee for legal advice *and* a series of part-time assistant attorneys general, located in another building, for litigation. The trial court instead focused on evidence it felt contradicted the order, contrary to its duty under R.C. 119.12.

However, notwithstanding that error, I would have no quarrel with today's decision if it affirmed the judgment of the court of appeals by way of expressly overruling *A. B. Jac.* The holding in that case is admittedly unsound. But to affirm the judgment of the court of appeals and actually cite *A. B. Jac.* in support of such affirmance is grossly mistaken, and can only lead to confusion and inconsistency in the law.

CELEBREZZE, C.J., concurs in the foregoing dissenting opinion.