JOURNAL ENTRY AND OPINION
{¶ 1} The Ohio State Board of Education (state board or board) appeals from a common pleas court order which concluded that although the state board's decision to revoke the teaching license of appellee Ronald G. Morgan may have been supported by reliable, probative and substantial evidence, it was not in accordance with law. The state board argues that:
 {¶ 2} I. THE COURT BELOW ERRED IN APPARENTLY CONCLUDING THAT THE STATE BOARD'S ORDER WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
 {¶ 3} II. THE COURT BELOW ERRED IN CONCLUDING THAT THE STATE BOARD'S REVOCATION OF MORGAN'S TEACHING LICENSE WAS NOT IN ACCORDANCE WITH THE LAW.
 {¶ 4} We find we have no jurisdiction to review the common pleas court's decision. Therefore, we dismiss this appeal.
 FACTS AND PROCEEDINGS BELOW {¶ 5} Ronald G. Morgan held a permanent special teaching certificate from the State of Ohio effective July 1, 1993. He was convicted of disorderly conduct in 1998. The state board notified him that it intended to suspend, revoke or limit his teaching certificate. He requested a hearing, which was held on January 19, 2000.
 {¶ 6} The hearing officer issued his report and recommendation on April 26, 2000. He found that Morgan's conviction stemmed from his participation in a sex act in a public place, namely, an open video booth in an adult bookstore. Extensive media coverage created an impact on Shaker Heights High School, where Morgan worked as a music teacher and guidance counselor. The hearing officer found Morgan engaged in conduct which was immoral and unbecoming to a teacher and guidance counselor. However, he found that Morgan was an outstanding teacher and guidance counselor and that the school system and the community supported his continued employment there. He therefore recommended that the state board limit Morgan's certification to the Shaker Heights school system for the next two years, on the condition that Morgan report to the state board and cooperate fully with its staff, that no other incidents should be reported to the board, and that he fully comply with state and federal laws.
 {¶ 7} The state board agreed with the hearing officer's finding that Morgan engaged in conduct unbecoming to his position as a teacher but found that his conduct merited revocation of his teaching license rather than the sanction recommended by the hearing officer. Therefore, the board revoked his teaching certificate and ordered that he would not be reconsidered for certification for a period of two years.
 {¶ 8} Morgan appealed the state board's decision to the common pleas court pursuant to R.C. 119.12 and 3319.31. The court held that, although the board was not bound by the hearing officer's recommendation, it was required to articulate its reasons for rejecting the recommendation. Because the state board here summarily dismissed the hearing officer's recommendation without any articulated justification, the court reversed the board's decision. The board now appeals to this court.
 LAW AND ANALYSIS {¶ 9} Our jurisdiction to review the common pleas court's decision in a case such as this is extremely limited. Under R.C. 119.12, an appeal by an agency of a common pleas court's decision on appeal from the agency's ruling
 {¶ 10} * * * shall be taken on questions of law
relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record. (Emphasis added.)
 {¶ 11} The Ohio Supreme Court has held that:
 {¶ 12} The clear language of the provision allows an agency the right to appeal only on questions of law pertaining to state statutes as well as rules and regulations which were promulgated by the agency. * * * * Once the appeal is perfected on these grounds, the appellate court has jurisdiction to review the lower court's ruling as to the particular question of law and whether it is supported by any reliable, probative and substantial evidence.
 {¶ 13} Miller v. Dept. of Indus. Relations (1985), 17 Ohio St.3d 226,227 (citations omitted).
 {¶ 14} The board's first assignment of error asks this court to decide whether the common pleas court correctly held that the board's decision was not supported by reliable, probative, and substantial evidence. Under the terms of R.C. 119.12, we may not even consider this question unless the board has raised a question of law regarding the constitutionality, construction, or interpretation of a statute or rule.
 {¶ 15} The board's second assignment of error contends that the common pleas court erred by finding the board's decision was not in accordance with law. This issue requires an analysis of whether the board's actions complied with the law, but it does not require construction or interpretation of the law or a determination of its constitutionality. In the action before the common pleas court, the board did not question that R.C. 119.09 and 3319.31 required it to articulate its reasons for rejecting a hearing officer's recommendation; it simply asserted that it adequately articulated its reasons.
 {¶ 16} The mere application of the law to the facts does not constitute interpretation within the meaning of R.C. 119.12. * * * There must be a genuine question presented and a specific finding by the trial court as to the meaning of the statute or rule. Enertech Elec., Inc. v.West Geauga Bd. Of Edn. (Sep. 3, 1996), Franklin App. No. 96APE03-370, unreported, at 4-5; also see Miller, 17 Ohio St.3d at 227; Rajic v.Cleveland (Dec. 22, 1988), Cuyahoga App. Nos. 54635 54636, unreported, at 4. Here, there is no question as to the construction of R.C. 119.09
and 3319.31; the only question is whether the board complied with them. We have no jurisdiction to consider an appeal from a common pleas court's decision on this question.
Appeal dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and JAMES D. SWEENEY, J., CONCUR.