[Cite as *Koenig v. Dungey*, 2014-Ohio-4646.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ELAINE L. KOENIG, | : | APPEAL NO. C-140111 |
| Plaintiff, | | TRIAL NO. A-1203492 |
| | : | |
| and | : | |
| ELANIE L. KOENIG, ADMINISTRATOR OF THE ESTATE OF PAUL F. KOENIG, | : | *O P I N I O N.* |
| | : | |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | : | |
| CYNTHIA C. DUNGEY, DIRECTOR OF OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, | : | |
| | : | |
| and | : | |
| | : | |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, | : | |
| | : | |
| Defendants-Appellants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  October 22, 2014

*Beckman Weil Shepardson, LLC*, *Janet E. Pecquet* and *Ashley Shannon Burke*, for Plaintiff-Appellee,

*Michael DeWine*, Ohio Attorney General, and *Rebecca L. Thomas*, Assistant Attorney General, for Defendants-Appellants.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendants-appellants the Ohio Department of Job and Family Services and Cynthia Dungey, in her official capacity as director of the Ohio Department of Job and Family Services, are charged with administering the federal Medicaid program in Ohio. Plaintiff-appellee Elaine Koenig, as the administrator of her late-husband's estate, sued defendants after the Ohio Department of Job and Family Services upheld an agency determination imposing a period of restricted coverage on her husband's Medicaid benefits on the basis that Mrs. Koenig had improperly transferred resources to purchase an annuity.

{¶2} Following *Hughes v. McCarthy*, 734 F.3d 473 (6th Cir.2013), we determine that Mrs. Koenig's annuity purchase with funds in excess of her community spouse resource allowance, after her husband's institutionalization, but before his Medicaid eligibility determination, was not an improper transfer for purposes of qualifying for Medicaid. We also determine that because the issue of whether Mrs. Koenig's annuity was an improper transfer for failing to meet the requirements of Ohio Adm.Code 5160:1-3-22.8 was never raised at the agency level, this court cannot conduct a meaningful review of that argument on appeal. Therefore, we affirm the decision of the trial court.

## Federal Medicaid Statutes and Ohio's Regulations

{¶3} Medicaid is a federally-established program developed by Congress to provide state and federal funding to those individuals who cannot afford their medical care. *See* Title XIX of the Social Security Act, 79 Stat. 286 (1965). The state of Ohio, as a participant in the Medicaid program, develops its own rules for implementing the program, which must be consistent with the federal Medicaid

statutes. *See Wisconsin Dept. of Health & Family Servs. v. Blumer*, 534 U.S. 473, 480, 122 S.Ct. 962, 151 L.Ed.2d 935 (2002).

{¶4} Congress has sought to protect married individuals living in the community ("community spouses") from financial hardship caused by their spouses' institutionalization in a nursing-care facility ("institutionalized spouses") by allowing community spouses to maintain some assets—the Community Spouse Resource Allowance—while still permitting institutionalized spouses to receive Medicaid. *See* 42 U.S.C. 1396r-5; Ohio Adm.Code 5160:1-3-36.1; *Blumer* at 480. In calculating the Community Spouse Resource Allowance ("CSRA"), a state agency first examines a couple's total resources as of the beginning of institutionalization for the institutionalized spouse, divides that total by two, and then subjects that number to a minimum and maximum amount, adjusted for inflation, which will determine the CSRA. *See* Ohio Adm.Code 5160:1-3-36.1(C).

{¶5} The CSRA cannot be counted as an available resource in determining an institutionalized spouse's Medicaid eligibility. *See id.* However, if a couple's resources exceed the CSRA amount, after setting aside a minimal amount for the institutionalized spouse, then those resources must be disposed of in order for the institutionalized spouse to qualify for Medicaid. *See Blumer* at 482-483, citing 42 U.S.C. 1396r-5(c)(2); Ohio Adm.Code 5160:1-3-36.1(C).

{¶6} Even if a state agency deems an institutionalized spouse Medicaid-eligible, the agency can impose a period of restricted coverage on the institutionalized spouse, meaning that the agency will withhold Medicaid payments to the nursing-care facility, if the agency determines that an "improper transfer" of the couple's resources occurred. *See* 42 U.S.C. 1396p; Ohio Adm.Code 5160:1-3-07.

3

{¶7}   The treatment of resource transfers for Medicaid purposes is governed by Ohio Adm.Code 5160:1-3-07.  An improper transfer occurs, in relevant part, when an individual applying for Medicaid, or that individual's spouse, disposes of a resource during the look-back period for "less than fair market value."  *See* Ohio Adm.Code 5160:1-3-07(B)(3), (5), (7), (9), and (10).  Generally, in a case where a Medicaid applicant is institutionalized at the time of the application, the look-back period begins 60 months prior to the application date.  *See id.*

{¶8}   Even if an individual or spouse transfers a resource for less than fair market value, Ohio Adm.Code 5160:1-3-07 provides that where the transfer occurs for the "sole benefit" of the spouse, the transfer will not be improper.  *See* Ohio Adm.Code 5160:1-3-07(E)(2)(a)-(b); 42 U.S.C. 1396p(c)(2)(B)(i)-(ii).  "In order for a transfer to be considered for the sole benefit of the spouse[,] * * * the entity that receives or holds the transferred resource must * * * be required to expend all of the transferred resources for the benefit of the individual during that individual's life expectancy."  Ohio Adm.Code 5160:1-3-07(F)(1).

{¶9}   Additionally, other provisions govern transfers of resources between spouses.   42 U.S.C. 1396r-5(f)(1) permits an institutionalized spouse to transfer an amount equal to the CSRA "but only to the extent the resources of the institutionalized spouse are transferred to (or for the sole benefit of) the community spouse * * * as soon as practicable after the date of the initial determination of eligibility."   Ohio Adm.Code 5160:1-3-07(G) provides that "[a]ny amount of a couple's resources exceeding the CSRA may not": (1) "be transferred to the community spouse or to another for the sole benefit of the community spouse unless permitted in a hearing decision"; or (2) "be converted to another form for the

4

purpose of generating additional income for the community spouse unless permitted in a hearing decision[.]" Ohio Adm.Code 5160:1-3-07(G)(2)-(3).

{¶10} Effective in 2006 with Congress's passage of the Deficit Reduction Act of 2005, Pub.L.No. 109-171, 120 Stat. 4, 62-64, the purchase of an annuity is considered an improper transfer, unless certain criteria are met. *See* Ohio Adm.Code 5160:1-3-22.8; 42 U.S.C. 1396p(c)(1)(F)-(G). In relevant part, the annuity must name the state of Ohio as the first remainder beneficiary "for the total amount of medical assistance furnished to the individual" or name the state of Ohio as second remainder beneficiary after the individual's spouse or minor or disabled child. Ohio Adm.Code 5160:1-3-22.8(C)(1). The annuity must also be "irrevocable, non-assignable, and actuarially sound * * * and provide[] for payments in equal amounts during the term of the annuity with no deferral and no balloon payments made." Ohio Adm.Code 5160:1-3-22.8(C)(3).

### Mrs. Koenig's Annuity Purchase

{¶11} Paul Koenig entered a nursing-care facility on March 15, 2011. He later applied for Medicaid benefits with Hamilton County Job and Family Services ("HCJFS") on October 18, 2011. At the time of Mr. Koenig's institutionalization, Mr. and Mrs. Koenig had countable Medicaid resources of approximately $349,806. The agency determined that the CSRA for Mrs. Koenig was $109,560.

{¶12} On October 26, 2011, Mrs. Koenig purchased a single-premium annuity for $121,783.56. The annuity provided immediate, monthly payments to Mrs. Koenig for five years—within her actuarial life expectancy at the time of nine and one-half years. The annuity contract was irrevocable, nonassignable, and did not contain a balloon payment or deferral. The annuity contract named the state of

Ohio as the first remainder beneficiary "up to amount of benefits received by Elaine Koenig."

{¶13} The initial HCJFS caseworker responsible for Mr. Koenig's Medicaid application approved his application, but instituted a period of restricted coverage from December 2011 through July 2013. The caseworker determined that the annuity purchase constituted an improper transfer of resources to Mrs. Koenig under former Ohio Adm.Code 5101:1-39-07(C), renumbered as Ohio Adm.Code 5101:1-3-07(C).

{¶14} Mr. Koenig requested a state hearing with the Ohio Department of Job and Family Services ("ODJFS") under R.C. 5101.35(B). The hearing officer upheld the determination of the HCJFS caseworker. Mr. Koenig then sought an administrative appeal within ODJFS under R.C. 5101.35(C). Prior to the release of the administrative decision upholding the state hearing decision, Mr. Koenig passed away.

{¶15} Mrs. Koenig, on behalf of herself and as the administrator of her late-husband's estate, filed an administrative appeal of ODJFS's decision under R.C. 119.12 and 5101.35 with the Hamilton County Court of Common Pleas. She also filed claims for declaratory and injunctive relief and claims under 42 U.S.C. 1983. The trial court granted ODJFS's motion to dismiss the claims of Mrs. Koenig in her personal capacity, as well as the declaratory- and injunctive-relief and the 1983 claims brought by Mr. Koenig's estate. The administrative appeal on behalf of Mr. Koenig proceeded with briefing on the merits.

{¶16} In its trial-court brief seeking to uphold the hearing officers' decisions, ODJFS argued that Mrs. Koenig's annuity purchase was an improper transfer.

6

ODJFS also argued, for the first time, that Mrs. Koenig failed to comply with Ohio Adm.Code 5101:1-3-22.8(C), which requires that an annuity name the state as either a first beneficiary or a second beneficiary for the total amount of medical assistance paid on behalf of the institutionalized spouse.

{¶17} The trial court found that ODJFS waived its argument that Mrs. Koenig's annuity failed to comply with Ohio Adm.Code 5101:1-3-22.8(C), because that argument was not made part of the underlying administrative record. The trial court nevertheless determined that Mrs. Koenig's annuity fully complied with Ohio Adm.Code 5101:1-3-22.8(C), as well as Ohio Adm.Code 5160:1-3-07(E)(2)(a)-(b) governing transfers for the "sole benefit" of spouses. The trial court concluded that ODJFS erred when it treated Mrs. Koenig's purchase of the annuity as an improper transfer and erred in imposing a period of restricted coverage on Mr. Koenig's Medicaid payments. ODJFS now appeals the trial court's decision.

### Standard of Review

{¶18} R.C. 5101.35(E) permits an appeal of an administrative decision issued by ODJFS to the court of common pleas under R.C. 119.12. The trial court must uphold the agency decision if it is supported by "reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. When an agency appeals a trial court's decision to a court of appeals under R.C. 119.12, the appeal "shall be taken on questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, and, in the appeal, the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record." *See Miller v. Dept. of Indus. Relations*, 17 Ohio St.3d

226, 479 N.E.2d 254 (1985). An appellate court reviews questions of law de novo; however, a court must defer to an administrative agency's construction of the statutes and rules it enforces unless such construction is unreasonable. *Weaver v. Ohio Dept. of Job & Family Servs.*, 153 Ohio App.3d 331, 2003-Ohio-3827, 794 N.E.2d 92, ¶ 3, 12 (1st Dist.).

### Preeligibility Purchase of an Annuity is not an Improper Transfer

{¶19} In its first assignment of error, ODJFS argues that the trial court erred in reversing its determination that the annuity purchase by Mrs. Koenig was an improper transfer. ODJFS argues that Mrs. Koenig could not use funds in excess of her CSRA to purchase the annuity without seeking agency approval in a hearing. *See* Ohio Adm.Code 5160:1-3-07(G). ODJFS further argues that the annuity is not for the "sole benefit" of Mrs. Koenig as the community spouse. *See* Ohio Adm.Code 5160:1-3-07(F)(1); 42 U.S.C. 1396p(c)(2)(B).

{¶20} ODJFS's arguments have been considered and rejected by *Hughes*, 734 F.3d 473. In *Hughes*, the United States Court of Appeals for the Sixth Circuit considered whether a community spouse's transfer of resources to purchase an annuity after institutionalization, but preeligibility, constituted an improper transfer of resources. In that case, Mr. Hughes purchased an annuity four years after his wife had entered a nursing home, and the annuity provided income to Mr. Hughes for nine years and seven months, his actuarial life expectancy. The annuity named Mrs. Hughes as the first remainder beneficiary, and the state of Ohio as the second remainder beneficiary "for the total amount of medical assistance furnished to Mrs. Hughes." *Id.* at 477. Three months after Mr. Hughes had purchased his annuity, Mrs. Hughes applied for Medicaid.

8

{¶21} The Ohio agency determined that Mrs. Hughes was eligible for Medicaid, but imposed a period of restricted coverage because of Mr. Hughes's annuity purchase. In temporarily withholding Medicaid funds, the Ohio agency relied on 42 U.S.C. 1396r-5(f)(1), which provides that an institutionalized spouse may transfer to a community spouse an amount equal to the CSRA, without penalty. Thus, the Ohio agency in *Hughes* argued that a transfer of resources for the benefit of the community spouse in excess of the CSRA after institutionalization is improper.

{¶22} The Sixth Circuit harmonized the unlimited-transfer provision of 42 U.S.C. 1396p(c)(2)(B)(i) with the CSRA-transfer cap in 42 U.S.C. 1396r-5(f)(1) by reasoning that 42 U.S.C. 1396r-5(f)(1) and 42 U.S.C. 1396p(c)(2)(B)(i) operated "at distinct temporal periods." *Hughes* at 480, relying on *Morris v. Oklahoma Dept. of Human Servs.*, 685 F.3d 925, 935 (10th Cir.2012). The Sixth Circuit reasoned that, prior to a determination of Medicaid eligibility, 42 U.S.C. 1396p(c)(2)(B)(i) permits unlimited transfers for the benefit of a spouse. *Hughes* at 480.

{¶23} The Sixth Circuit further determined that Mr. Hughes's annuity purchase was for his "sole benefit" under 42 U.S.C. 1396p(c)(2)(B), despite the presence of contingent beneficiaries. Although the federal statute does not define "sole benefit," the Sixth Circuit relied in part on Ohio's implementing regulation in determining that "so long as the financial instrument is actuarially sound and payments are made only to the spouse during his life[,] the transfer by Mr. Hughes was for his sole benefit." *Id.* at 481-82, relying on former Ohio Adm.Code 5101:1-39-07(F)(1). The Sixth Circuit concluded that the district court had erred in determining that the Ohio agency could impose restricted coverage on Mrs. Hughes because of the annuity purchase.

{¶24} Just as the community spouse in *Hughes* had transferred community resources to purchase an annuity after his spouse's institutionalization, but preeligibility, Mrs. Koenig purchased the annuity after her husband's institutionalization, but before Medicaid eligibility had been determined. Thus, ODJFS's reliance on the CSRA-hearing requirement in Ohio Adm.Code 5160:1-3-07(G) is misplaced. Following the reasoning of *Hughes*, the CSRA-transfer cap does not apply until after a determination of Medicaid eligibility. Here, the transfer by Mrs. Koenig occurred preeligibility, so the unlimited-transfer provision in Ohio Adm.Code 5160:1-3-07(F) controls. Moreover, Mrs. Koenig's annuity is actuarially sound and only benefits Mrs. Koenig during her life, just as the annuity in *Hughes*. Thus, the annuity constitutes a transfer of resources for Mrs. Koenig's sole benefit. *See* Ohio Adm.Code 5160:1-3-07(F)(1); 42 U.S.C. 1396p(c)(2)(B).

{¶25} Therefore, we determine that Mrs. Koenig's annuity purchase with funds in excess of the CSRA was not an improper transfer when the transfer occurred after institutionalization, but preeligibility.

{¶26} We note that the trial court and Mrs. Koenig rely heavily on a decision from this court, *Rorick v. Ohio Dept. of Job and Family Servs.*, 1st Dist. Hamilton No. C-090627, 2010-Ohio-5571. *Rorick*, which predated the Sixth Circuit's decision in *Hughes*, determined that a community spouse's purchase of an annuity, which complied with former Ohio Adm.Code 5101:1-39-22.8 (renumbered as Ohio Adm.Code 5160:1-3-22.8), was not an improper transfer even though the community spouse used resources above the CSRA limit. *Id.* at ¶ 16. In reaching its conclusion, the *Rorick* court relied on case law interpreting Medicaid countable-resource statutes. *Id.* at ¶ 11, 20, citing *Vieth v. Ohio Dept. of Job and Family Servs.*, 10th

Dist. Franklin No. 08AP-635, 2009-Ohio-3748; *James v. Richman*, 547 F.3d 214 (3d Cir.2008); *Weatherbee v. Richman*, 595 F.Supp.2d 607 (W.D.Pa.2009). In this case, ODJFS does not contend that the annuity purchased by Mrs. Koenig was a countable resource for purposes of determining Mr. Koenig's Medicaid eligibility; therefore, the reasoning of *Rorick* does not control here.

{¶27} We overrule ODJFS's first assignment of error.

### The Annuity Requirements in Ohio Adm.Code 5160:1-3-22.8

{¶28} In its second assignment of error, ODJFS contends that the trial court erred in determining that it had waived the issue of whether Mrs. Koenig's annuity was an improper transfer for failing to meet the requirements of Ohio Adm.Code 5160:1-3-22.8. ODJFS contends that Mrs. Koenig's annuity contract named the state of Ohio as second remainder beneficiary "up to amount of benefits received by Elaine Koenig" when the Medicaid regulation requires that the annuity name the state as a remainder beneficiary for the amount of benefits paid to the Medicaid applicant— here Mr. Koenig. *See* Ohio Adm.Code 5160:1-3-22.8(C)(1); 42 U.S.C. 1396p(c)(1)(F).

{¶29} ODJFS failed to raise Mrs. Koenig's technical noncompliance with the annuity requirements as a basis for its decisions at the administrative level. Without the benefit of a developed administrative record, this court cannot conduct a meaningful review of ODJFS's argument in this appeal. We determine that it would be unfair to reinstate ODJFS's period of restricted coverage on the basis of Ohio Adm.Code 5160:1-3-22.8(C)(1), when that rule was not invoked by the agency at the administrative level. Therefore, we overrule ODJFS's second assignment of error.

## Conclusion

{¶30} In conclusion, because we determine that the trial court properly found that ODJFS erred when it treated the purchase of Mrs. Koenig's annuity as an improper transfer for Medicaid purposes, and that ODJFS erred when it imposed a period of restricted coverage on Mr. Koenig's Medicaid payments, we affirm the judgment of the trial court.

Judgment affirmed.

**DINKELACKER, P.J.,** and **DEWINE, J.,** concur.

Please note:
   The court has recorded its own entry on the date of the release of this opinion.